


# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY,** § | |
| **ALLSTATE INDEMNITY COMPANY,** § | |
| **ALLSTATE PROPERTY & CASUALTY** § | |
| **INSURANCE COMPANY, and** § | |
| **ALLSTATE COUNTY MUTUAL** § | |
| **INSURANCE COMPANY** § | |

§

**Plaintiffs** §

§

**vs.** §

§



**MICHAEL KENT PLAMBECK, D.C.,** §
**MICHAEL CAPOBIANCO, D.C., ROBERT** §
**EKIN, D.C., PAUL GRINDSTAFF, D.C.,** §
**GLEN WILCOXSON, M.D., RANDALL** §
**TOCA (aka RANDY TOCA), ROLAND G.** §
**TOCA II (aka RIC TOCA), ANGEL JUNIO,** § **Civil Action No. _____**
**DOUGLAS FRIEDMAN, JENNIFER** §
**GIESSNER (fna JENNIFER BLAND,** §
**JENNIFER MAKARWICH), KIM** §
**GRINDSTAFF, CHARLES MORA, IRMA** §
**ESCANDON, EUGENE MERCIER,** §
**RODNEY SIPES, MARGARET** §
**INGLE (aka MEGAN INGLE), THOMAS** §
**MAGELANER, ANDREW LOCICERO,** §
**SCOT LABOURDETTE, CHIROPRACTIC** §
**STRATEGIES GROUP, INC., MEDIA** §
**PLACEMENT SERVICES, INC.,** §
**PROFESSIONAL MANAGEMENT** §
**GROUP, LLC, LAW OFFICE NETWORK,** §
**LLC, DOVE POINT CHIROPRACTIC** §
**CLINIC, INC., BROWNSVILLE** §
**CHIROPRACTIC CLINIC, INC., EL PASO** §
**CHIROPRACTIC CLINIC, LLC, WTC** §
**CHIROPRACTIC CLINIC, LLC,** §
**HARLINGEN CHIROPRACTIC CLINIC,** §
**INC., WOLFIN CHIROPRACTIC CLINIC,** §
**LLC, 11TH STREET CHIROPRACTIC** §
**CLINIC, LLC, MAINLAND** §
**CHIROPRACTIC CLINIC, LLC,** §

**PLAINTIFFS' ORIGINAL COMPLAINT Page 1**

BERGSTROM CHIROPRACTIC CLINIC, §
INC., LAREDO CHIROPRACTIC CLINIC, §
LLC, SA CHIROPRACTIC CLINIC, LLC, §
N. CARRIER CHIROPRACTIC CLINIC, §
INC., BUCKNER 30 CHIROPRACTIC §
CLINIC, INC., HAMPTON §
CHIROPRACTIC CLINIC, INC., HALTOM §
CITY CHIROPRACTIC CLINIC, INC., §
BROWNSVILLE CHIROPRACTIC & §
WELLNESS CENTER, INC., §
CONGRESSIONAL CHIROPRACTIC §
HEALTH CENTER, INC., AKRON §
SQUARE CHIROPRACTIC, INC., EAST §
BROAD CHIROPRACTIC, INC., DAYTON §
CHIROPRACTIC, INC., OLD TOWN §
CHIROPRACTIC, INC., SHAKER SQUARE §
CHIROPRACTIC, INC., SHOREWAY §
CHIROPRACTIC, LLC, VERNON PLACE §
CHIROPRACTIC HEALTH CENTER, INC., §
WEST BROAD CHIROPRACTIC, INC., §
WEST TUSC CHIROPRACTIC, INC., §
WEST TUSC CHIROPRACTIC, LLC, §
YOUNGSTOWN CHIROPRACTIC, INC., §
ARLINGTON CHIROPRACTIC, INC., §
AMERICAN CHIROPRACTIC, INC., §
PEARL ROAD CHIROPRACTIC, INC., §
INDIANAPOLIS CHIROPRACTIC, LLC, §
MAIN STREET CHIROPRACTIC, INC., §
MONON TRAIL CHIROPRACTIC, INC., §
KENNEDY AVENUE CHIROPRACTIC, §
LLC, MOBILE SPINE & REHAB CENTER §
ON THE LOOP, INC., FIVE POINTS §
CHIROPRACTIC, INC., RAINBOW §
MARKETING CONSULTANTS, INC., §
SIPES & ASSOCIATES, PLLC (fna SIPES & §
BOUDREAUX, PLLC), LAW OFFICES OF §
EUGENE X. MERCIER, PLLC, THE INGLE §
LAW FIRM, LLC, MAGELANER & §
ASSOCIATES, LTD, and LOCICERO, §
LABOURDETTE & ASSOCIATES, LLC §

      Defendants

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Come now **Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Allstate County Mutual Insurance Company,** hereinafter referred to as "Plaintiffs" and complain of:

(1)     **Michael Kent Plambeck, D.C.,**

(2)     **Michael Capobianco, D.C.**

(3)     **Robert Ekin, D.C.**

(4)     **Paul Grindstaff, D.C.**

(5)     **Glen Wilcoxson, M.D.**

(6)     **Randall Toca, aka Randy Toca**

(7)     **Roland Garic Toca II, aka Ric Toca**

(8)     **Angel Junio**

(9)     **Douglas Friedman**

(10)     **Jennifer Giessner**

(11)     **Kim Grindstaff**

(12)     **Charles Mora**

(13)     **Irma Escandon**

(14)     **Eugene Mercier**

(15)     **Rodney Sipes**

(16)     **Margaret Arlene Henderson Ingle, aka Megan Ingle**

(17)     **Thomas Magelaner**

(18)     **Andrew Locicero**

    (19)    **Scot Labourdette**

    (20)    **Chiropractic Strategies Group, Inc.**

    (21)    **Media Placement Services, Inc.**

    (22)    **Professional Management Group, LLC**

    (23)    **Law Office Network, L.L.C**

    (24)    **Dove Point Chiropractic Clinic, Inc.**

    (25)    **Brownsville Chiropractic Clinic, Inc**

    (26)    **El Paso Chiropractic Clinic, LLC**

    (27)    **WTC Chiropractic Clinic, LLC**

    (28)    **Harlingen Chiropractic Clinic, Inc.**

    (29)    **Wolfin Chiropractic Clinic, LLC**

    (30)    **11th Street Chiropractic Clinic, LLC**

    (31)    **Mainland Chiropractic Clinic, LLC**

    (32)    **Bergstrom Chiropractic Clinic, Inc.**

    (33)    **Laredo Chiropractic Clinic, LLC**

    (34)    **SA Chiropractic Clinic, LLC**

    (35)    **N. Carrier Chiropractic Clinic, Inc.**

    (36)    **Buckner 30 Chiropractic Clinic, Inc.**

    (37)    **Hampton Chiropractic Clinic, Inc.**

    (38)    **Haltom City Chiropractic Clinic, Inc.**

    (39)    **Brownsville Chiropractic & Wellness Center, Inc.**

    (40)    **Congressional Chiropractic Health Center, Inc.**

    (41)    **Akron Square Chiropractic, Inc.**

(42)    East Broad Chiropractic, Inc.

(43)    Dayton Chiropractic, Inc.

(44)    Old Town Chiropractic, Inc.

(45)    Shaker Square Chiropractic, Inc.

(46)    Shoreway Chiropractic, LLC

(47)    Vernon Place Chiropractic Health Center, Inc.

(48)    West Broad Chiropractic, Inc.

(49)    West Tusc Chiropractic, Inc.

(50)    West Tusc Chiropractic, LLC

(51)    Youngstown Chiropractic, Inc.

(52)    Arlington Chiropractic, Inc.

(53)    American Chiropractic, Inc.

(54)    Pearl Road Chiropractic, Inc.

(55)    Indianapolis Chiropractic, LLC

(56)    Main Street Chiropractic, Inc.

(57)    Monon Trail Chiropractic, Inc.

(58)    Kennedy Avenue Chiropractic, LLC

(59)    Mobile Spine & Rehab Center on the Loop, Inc.

(60)    Five Points Chiropractic, Inc.,

(61)    Rainbow Marketing Consultants, Inc.

(62)    Sipes & Associates, PLLC (fna Sipes & Boudreaux, PLLC),

(63)    Law Offices of Eugene X. Mercier, PLLC,

(64)    The Ingle Law Firm, LLC,

(65)   **Magelaner & Associates, Ltd,**

(66)   **Locicero, Labourdette & Associates, LLC**

hereinafter referred to collectively as "Defendants," and for such action would respectfully show the Court as follows:

# I.
## PREDICATE

1.      Plaintiffs seek to recover sums fraudulently procured by Defendants from Plaintiffs since at least 2002, by means of bodily injury claims based on chiropractic billings for unnecessary and unreasonable examinations, x-rays, and treatment.    Plaintiffs also request relief under the Federal Declaratory Judgment Act, 28 United States Code, Section 2201, to determine their duty to pay for purported chiropractic treatment of certain insureds, and third parties making claim against insureds, and Plaintiffs' right to recover such payments previously made to Defendants.

2.      Plaintiffs would show this Honorable Court that Defendants' Enterprise telemarkets individuals involved in automobile collisions, and solicit them to come to a chiropractic clinic operated by Defendants.   The solicited individuals are told they will receive a free initial examination, if they accept an appointment.   Telemarketers, at times, misrepresent that they are automobile insurance company representatives.   In Alabama, where uninvited telephone solicitation of prospective patients by chiropractors is prohibited, the telemarketers solicit the individuals to go to a purported medical clinic, and the purported medical clinic in turn refers the solicited person to a chiropractic clinic operated by Defendants.

3.      At the clinics, the individuals are advised that they have injuries requiring treatment. The individuals are also referred to particular law offices associated with the Defendants' Enterprise.

4.      The individuals are put through a set course of unnecessary treatment. Defendants then generate documents, such as narrative reports and billings, to falsely substantiate the unnecessary



treatment. These documents are presented to automobile insurers, such as Plaintiffs, directly or through the law offices to which the patients were referred.

5.      As a result, Plaintiffs have been damaged by the payment of sums in regard to the claims at issue. To obtain just compensation for this organized fraudulent activity, Plaintiffs seek treble damages, plus interest thereon, and the costs of this suit, including reasonable attorneys' fees, pursuant to Title 18, United States Code, Sections 1962 (c) and (d), and Section 1964 ("RICO"). Plaintiffs also seek compensatory and exemplary damages under applicable state law.

## II.
## JURISDICTION AND VENUE

6.      Pursuant to Title 28, United States Code, Section 1331, this Court has subject matter jurisdiction over the claims alleged in Counts One and Two because such claims arise under the laws of the United States, specifically Title 18, United States Code, Sections 1962(c) and (d) and 1964. Pursuant to Title 28, United States Code, Section 1367, this Court has subject matter jurisdiction over the state common law fraud, conspiracy, unjust enrichment, declaratory relief, and racketeering claims alleged in Counts Three through Eight, because they are so related to the RICO claims they form part of the same case or controversy.

7.      Venue is proper in this District pursuant to Title 28, United States Code, Section 1391 (a) and (c) in that a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this District. Venue is also proper pursuant to Title 18, United States Code, Section 1965.



## III.
## PARTIES

**A.     Plaintiffs**

8.     Plaintiff, **Allstate Insurance Company,** is a corporation incorporated under the laws of Illinois, with its principal place of business in Illinois.

9.     Plaintiff, **Allstate Indemnity Company,** is a corporation incorporated under the laws of Illinois, with its principal place of business in Illinois.

10.     Plaintiff, **Allstate Property & Casualty Insurance Company,** is a corporation incorporated under the laws of Illinois, with its principal place of business in Illinois.

11.     Plaintiff, **Allstate County Mutual Insurance Company,** is a corporation incorporated under the laws of Texas, with its principal place of business in Texas.

**B.     Defendants**

12.     Defendant, **Michael Kent Plambeck, D.C.,** is a citizen and resident of the State of Texas, and may be served at his residence, 4321 Windhaven, Dallas, Texas, or place of business, 1184 W. Pioneer Parkway, Arlington, Texas, or alternative place of business, 1919 Veterans Memorial Boulevard, Suite 300, Kenner, Louisiana.

13.     Defendant, **Michael Capobianco, D.C.,** is a citizen and resident of the State of Ohio, and may be served at his residence, 5248 Tanager Avenue N.E., Canton, Ohio.

14.     Defendant **Robert Ekin, D.C.,** is a citizen and resident of the State of Indiana, and may be served at his residence, 7353 Oakland Hills Drive, Indianapolis, Indiana.

15.     Defendant, **Paul Grindstaff, D.C.,** is a citizen and resident of the State of Texas, and may be served at his place of business, 5309 N. McColl Road, McAllen, Texas.

16.     Defendant, **Glen Wilcoxson, M.D.,** is a citizen and resident of the State of Alabama, and may be served at his place of business, 1 Timber Way, Suite 102, Daphne, Alabama.

17.     Defendant, **Randall Toca, aka Randy Toca** is a citizen and resident of the State of Louisiana, and may be served at his place of business, 1919 Veterans Memorial Boulevard, Suite 303, Kenner, Louisiana.

18.     Defendant, **Roland Garic Toca II, aka Ric Toca**, is a citizen and resident of the State of Louisiana, and may be served at his place of business, 1919 Veterans Memorial Boulevard, Suite 303, Kenner, Louisiana.

19.     Defendant, **Angel Junio**, is a citizen and resident of the State of Louisiana, and may be served at his place of business, 610 Baronne Street, New Orleans, Louisiana.

20.     Defendant, **Douglas Friedman**, is a citizen and resident of the State of Louisiana, and may be served at his place of business, 1919 Veterans Memorial Boulevard, Suite 300, Kenner, Louisiana.

21.     Defendant, **Jennifer Giessner**, is a citizen and resident of the State of Texas, and may be served at her residence, 3611 Lake Tahoe, Arlington, Texas 76016, or place of business, 1184 W. Pioneer Parkway, Arlington, Texas.

22.     Defendant, **Kim Grindstaff**, is a citizen and resident of the State of Texas, and may be served at her place of business, 5309 N. McColl Road, McAllen, Texas.

23.     Defendant **Charles "Charlie" Mora** is a citizen and resident of the State of Texas, and may be served at his residence, 11301 N. Taylor Road, McAllen, Texas.

24.     Defendant **Irma Escandon** is a citizen and resident of the State of Texas, and may be served at her residence, 7779 Tuscarora, El Paso, Texas.

25.     Defendant, **Eugene Mercier**, is a citizen and resident of the State of Texas, and may be served at his place of business, 4550 Corona, Corpus Christi, Texas.

26.     Defendant, **Rodney Sipes**, is a citizen and resident of the State of Texas, and may be served at his place of business, 3007 W. Alberta Road, Edinburg, Texas.

27.     Defendant, **Margaret Arlene Henderson Ingle, aka Megan Ingle**, is a citizen and resident of the State of Texas, and may be served at her place of business, 2101 South I.H. 35, Suite 215, Austin, Texas.

28.     Defendant, **Thomas Magelaner,** is a citizen and resident of the State of Ohio, and may be served at his place of business, 1557 Vernon Odom Boulevard, Suite 201, Akron, Ohio.

29.     Defendant, **Andrew Locicero**, is a citizen and resident of the State of Louisiana, and may be served at his place of business, 440 E. Washington Street, Shreveport, Louisiana.

30.     Defendant, **Scot Labourdette**, is a citizen and resident of the State of Louisiana, and may be served at his place of business, 1100 Poydras Street, Suite 2900, New Orleans, Louisiana.

31.     Defendant, **Chiropractic Strategies Group, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Chiropractic Strategies Group, Inc.** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its corporate home office, 1184 W. Pioneer Parkway, Arlington, Texas.

32.     Defendant, **Media Placement Services, Inc.,** is a corporation organized under the laws of the State of Louisiana, with its principal place of business in Kenner, Louisiana. **Media Placement Services, Inc.** may be served through its director and registered agent for service, Michael Kent Plambeck, 1919 Veterans Memorial Boulevard, Suite 300, Kenner, Louisiana.

33.     Defendant, **Professional Management Group, LLC**, is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business in Kenner, Louisiana. **Professional Management Group, LLC** may be served through its manager and

registered agent for service, Randall J. Toca, 1919 Veterans Memorial Boulevard, Suite 303, Kenner, Louisiana.

34.    Defendant, **Law Office Network, LLC**, is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business in Kenner, Louisiana. **Law Office Network, LLC** may be served through its manager and registered agent for service, Randall J. Toca, 1919 Veterans Memorial Boulevard, Suite 303, Kenner, Louisiana.

35.    Defendant, **Dove Point Chiropractic Clinic, Inc.,** doing business as Dove Point Chiropractic, is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Dove Point Chiropractic Clinic, Inc.** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

36.    Defendant, **Brownsville Chiropractic Clinic, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Brownsville Chiropractic Clinic, Inc.** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

37.    Defendant, **El Paso Chiropractic Clinic, LLC,** is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **El Paso Chiropractic Clinic, LLC,** may be served through its registered agent for service, Jennifer Giessner, or members, Michael Capobianco or Michael Kent Plambeck, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

38.    Defendant, **WTC Chiropractic Clinic, LLC,** is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas.

**PLAINTIFFS' ORIGINAL COMPLAINT  Page 11**

**WTC Chiropractic Clinic, LLC,** may be served through its registered agent for service, Jennifer Giessner, or members, Michael Kent Plambeck or Susan Plambeck, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

39.     Defendant, **Harlingen Chiropractic Clinic, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Harlingen Chiropractic Clinic, Inc.,** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

40.     Defendant, **Wolfin Chiropractic Clinic, LLC,** is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Wolfin Chiropractic Clinic, LLC** may be served through its registered agent for service, Jennifer Giessner, or members, Michael Capobianco or Michael Kent Plambeck, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

41.     Defendant, **11th Street Chiropractic Clinic, LLC,** is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **11th Street Chiropractic Clinic, LLC** may be served through its registered agent for service, Jennifer Giessner, or managing member, Michael Kent Plambeck, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

42.     Defendant, **Mainland Chiropractic Clinic, LLC,** is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Mainland Chiropractic Clinic, LLC** may be served through its registered agent for service, Jennifer Giessner, or managing member, Michael Kent Plambeck, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

43.     Defendant, **Bergstrom Chiropractic Clinic, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Bergstrom Chiropractic Clinic, Inc.,** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

44.     Defendant, **Laredo Chiropractic Clinic, LLC,** is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Laredo Chiropractic Clinic, LLC** may be served through its registered agent for service, Jennifer Giessner, or members, Michael Capobianco or Michael Kent Plambeck, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

45.     Defendant, **SA Chiropractic Clinic, LLC,** is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **SA Chiropractic Clinic, LLC** may be served through its registered agent for service, Jennifer Giessner, or members, Michael Capobianco or Michael Kent Plambeck, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

46.     Defendant, **N. Carrier Chiropractic Clinic, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **N. Carrier Chiropractic Clinic, Inc.,** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

47.     Defendant, **Buckner 30 Chiropractic Clinic, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Buckner 30 Chiropractic Clinic, Inc.** may be served through its registered agent for service, Jennifer



Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

48.      Defendant, **Hampton Chiropractic Clinic, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Hampton Chiropractic Clinic, Inc.,** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

49.      Defendant, **Haltom City Chiropractic Clinic, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Haltom City Chiropractic Clinic, Inc.** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

50.      Defendant, **Brownsville Chiropractic & Wellness Center, Inc.,** is a corporation organized under the laws of the State of Texas, with its principal place of business in Arlington, Texas. **Brownsville Chiropractic & Wellness Center, Inc.,** may be served through its registered agent for service, Jennifer Giessner, or through any of its officers, at its registered office, 1184 W. Pioneer Parkway, Arlington, Texas.

51.      Defendant, **Congressional Chiropractic Health Center, Inc..,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Arlington, Texas. **Congressional Chiropractic Health Center, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

52.      Defendant, **Akron Square Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Akron, Ohio. **Akron Square**

**Chiropractic, Inc.** may be served through its registered agent for service, Arlington Chiropractic, Inc., 1184 W. Pioneer Parkway, Arlington, Texas.

53.     Defendant, **East Broad Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. **East Broad Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

54.     Defendant, **Dayton Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Dayton, Ohio. **Dayton Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

55.     Defendant, **Old Town Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. **Old Town Chiropractic, Inc.** may be served through its registered agent for service, Congressional Chiropractic, Inc., 1184 W. Pioneer Parkway, Arlington, Texas.

56.     Defendant, **Shaker Square Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio. **Shaker Square Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

57.     Defendant, **Shoreway Chiropractic, LLC,** is a limited liability company organized under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio. **Shoreway Chiropractic, LLC** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

58.    Defendant, **Vernon Place Chiropractic Health Center, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio. **Vernon Place Chiropractic Health Center, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

59.    Defendant, **West Broad Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. **West Broad Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

60.    Defendant, **West Tusc Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Arlington, Texas. **West Tusc Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

61.    Defendant, **West Tusc Chiropractic, LLC,** is a limited liability company organized under the laws of the State of Ohio, with its principal place of business in Arlington, Texas. **West Tusc Chiropractic, LLC** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

62.    Defendant, **Youngstown Chiropractic, Inc.** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Youngstown, Ohio. **Youngstown Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

63.    Defendant, **Arlington Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Arlington, Texas. **Arlington**



**Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

64.     Defendant, **American Chiropractic, Inc.** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Toledo, Ohio. **American Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

65.     Defendant, **Pearl Road Chiropractic, Inc.,** is a corporation organized under the laws of the State of Ohio, with its principal place of business in Middleburg Heights, Ohio. **Pearl Road Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 1300 E. 9th Street, Cleveland, Ohio 44114.

66.     Defendant, **Indianapolis Chiropractic, LLC,** is a limited liability company organized under the laws of the State of Indiana, with its principal place of business in Arlington, Texas. **Indianapolis Chiropractic, LLC** may be served through its registered agent for service, CT Corporation System, 251 E. Ohio Street, Suite 1100, Indianapolis, Indiana 46204.

67.     Defendant, **Main Street Chiropractic, Inc.,** is a corporation organized under the laws of the State of Indiana, with its principal place of business in Arlington, Texas. **Main Street Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 251 E. Ohio Street, Suite 1100, Indianapolis, Indiana 46204.

68.     Defendant, **Monon Trail Chiropractic, Inc.,** is a corporation organized under the laws of the State of Indiana, with its principal place of business in Arlington, Texas. **Monon Trail Chiropractic, Inc.** may be served through its registered agent for service, CT Corporation System, 251 E. Ohio Street, Suite 1100, Indianapolis, Indiana 46204.

69.     Defendant, **Kennedy Avenue Chiropractic, LLC,** is a limited liability company organized under the laws of the State of Indiana, with its principal place of business in Arlington, Texas. **Kennedy Avenue Chiropractic, LLC** may be served through its registered agent for service, CT Corporation System, 251 E. Ohio Street, Suite 1100, Indianapolis, Indiana 46204.

70.     Defendant, **Mobile Spine & Rehab Center on the Loop, Inc.,** is a corporation organized under the laws of the State of Alabama, with its principal place of business in Montgomery, Alabama. **Mobile Spine & Rehab Center on the Loop, Inc.** may be served through its registered agent for service, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama.

71.     Defendant, **Five Points Chiropractic, Inc.,** is a corporation organized under the laws of the State of Alabama, with its principal place of business in Montgomery, Alabama. **Five Points Chiropractic, Inc.** may be served through its registered agent for service, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama.

72.     Defendant **Rainbow Marketing Consultants, Inc.,** is a corporation organized under the laws of the State of Tennessee, with its principle place of business in Marietta, Georgia, and registered as a foreign corporation doing business in Ohio. **Rainbow Marketing Consultants, Inc.** may be served through its registered agent for service in Ohio, Susan Harris, 3162 Lee Ellen Place, Columbus, Ohio.

73.     Defendant **Sipes & Associates, PLLC (fna Sipes & Boudreaux, PLLC),** is a professional limited liability company organized under the laws of the State of Texas, with its principal place of business in Edinburg, Texas. **Sipes & Associates, PLLC** may be served through its registered agent for service, Rodney W. Sipes, 3007 W. Alberta, Edinburg, Texas.

74.    Defendant **Law Offices of Eugene X. Mercier, PLLC,** is a professional limited liability company organized under the laws of the State of Texas, with its principal place of business in Corpus Christi, Texas.  **Law Offices of Eugene X. Mercier** may be served through its member and registered agent for service, Eugene X. Mercier, 4550 Corona Drive, Corpus Christi, Texas.

75.    Defendant **The Ingle Law Firm, LLC,** is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Austin, Texas.  **The Ingle Law Firm, LLC** may be served through its member and registered agent for service, Margaret Ingle, 2101 South I.H. 35, Suite 215, Austin, Texas.

76.    Defendant **Magelaner & Associates, Ltd,** is a limited liability company organized under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio. **Magelaner & Associates, Ltd** may be served through its registered agent for service, Thomas Magelaner, 1557 Vernon Odom Boulevard, Suite 201, Akron, Ohio.

77.    Defendant **Locicero, Labourdette & Associates, LLC,** is a limited liability company organized under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana.  **Locicero, Labourdette & Associates, LLC** may be served through its registered agent for service, National Registered Agents, Inc., 320 N. Main Street, Indianapolis, Indiana.

78.    At all times relevant to the allegations in the Complaint, each Defendant was the agent of the others and responsible by law for the others' conduct.

## IV.
## STATEMENT OF FACTS COMMON
## TO ALL CAUSES OF ACTION

**A.      General Background**

79.    Michael Kent Plambeck ("Plambeck") is a chiropractor.  He graduated from chiropractic school in 1982.  Plambeck opened many clinics in the period 1983 through the early 1990s, in various states, including Texas, Indiana, Ohio, and Alabama.  Plambeck has been licensed to practice chiropractic in a number of these states.

80.    Those previous Texas, Indiana, Ohio, and Alabama clinics closed by the late 1990s, and are not at issue in this action.

**B.      Formation of Corporate Entities**

81.     On June 15, 1992, Plambeck formed a Louisiana corporation, Media Placement Services, Inc., ("Media Placement") to conduct market research, lobby, and perform other advertising and marketing services for the clinics.  Media Placement's corporate office is located in Kenner, Louisiana.

82.    Plambeck has always been the sole owner and president of Media Placement.

83.    In 1994, Douglas Friedman became marketing director for Plambeck's Behrman Chiropractic Clinics, Inc.  His duties included managing Media Placement.  Friedman has been the manager of Media Placement since that time.

84.    On January 9, 1996, Sid Weigand incorporated a Texas corporation, Chiropractic Strategies Group, Inc.  ("Chiropractic Strategies").  At the time, Weigand was controller for Plambeck's Behrman Chiropractic Clinics, Inc.   Weigand also became controller for Chiropractic Strategies.

85.    Chiropractic Strategies' corporate home office has always been located in Arlington, Texas.  Chiropractic Strategies has maintained a second office in Kenner, Louisiana.

86.    Chiropractic Strategies was formed to provide management services to clinics owned by Plambeck or Plambeck entities.

87.    In or around 1997, Jennifer Giessner (then known as Jennifer Bland) became Controller for Chiropractic Strategies.  Giessner has, since that time, officed at Chiropractic Strategies' corporate home office in Arlington, Texas.

88.    Giessner is a layperson, and has never held a Texas chiropractic license.  On information and belief, she has never held a chiropractic license in any jurisdiction.

89.    On September 22, 1997, Randy Toca organized a Louisiana limited liability company, Professional Management Group, LLC.  ("PMG").

90.    Randy Toca and Jacquelyn Toca were the original members of PMG.  On information and belief, Randy Toca is presently the only member of the company.

91.    PMG was formed to provide management services to law offices, such as staffing.

92.    Randy Toca has never been licensed to practice law in any jurisdiction.

93.    PMG's corporate home office is located in Kenner, Louisiana.

94.    On June 20, 2006, Randy Toca organized another Louisiana limited liability company, Law Office Network, LLC  Randy Toca is Law Office Network's sole member.

95.    The purpose of Law Office Network is to provide management services to law offices. Law Office Network's corporate home office is located in Kenner, Louisiana.

96.    Chiropractic Strategies' second corporate office, and Media Placement's, PMG's, and Law Office Network's corporate home offices, are all located at 1919 Veterans Memorial Boulevard, in Kenner, Louisiana.  Law Office Network and PMG share the same suite.

97.     Subsequent to PMG's formation, Chiropractic Strategies, PMG, and Media Placement began coordinating activities. Media Placement conducted advertising, telemarketing, lobbying, etc. for clinics managed by Chiropractic Strategies, and PMG provided management services to law offices to which clinic patients could be referred.

98.     At some point subsequent to its formation, Douglas Friedman became Chiropractic Strategies' marketing director, and began receiving compensation from both Chiropractic Strategies and Media Placement Services.

99.     At some point in the 1990s, Kim Grindstaff (then known as Kim Estrada) became a billings and collections manager at Chiropractic Strategies Kenner, Louisiana office.

**C.      General Activities**

100.    At some point subsequent to the formation of Chiropractic Strategies, Chiropractic Strategies assumed management and control of Plambeck chiropractic clinics. The chiropractors and staff at these clinics are paid by Chiropractic Strategies. Hereinafter, these clinics will be referred to as "Chiropractic Strategies clinics."

101.    Michael Capobianco, D.C. graduated from Logan College of Chiropractic in 1997. He was licensed to practice chiropractic in Ohio in 1999, and in Texas in 2000.

102.    Beginning around 2000, Capobianco assisted in opening additional Chiropractic Strategies clinics, and helps oversee clinic operations.

103.    Robert Ekin, D.C., graduated from Logan College of Chiropractic in 1995. He was licensed to practice chiropractic in Ohio in 1996, and in Indiana in 2000. Subsequently, Ekin was licensed in other states, including Texas.

104. Beginning about 2000, Robert Ekin, D.C., became the clinic chiropractor at a Chiropractic Strategies clinic in Ohio. Subsequently, he assisted in the opening of Chiropractic Strategies clinics in Indiana, and other States.

105. Each Chiropractic Strategies clinic has one assigned chiropractor. The clinic will also have one or two assigned 'chiropractic assistants' or 'front desk' personnel.

106. Chiropractors are recruited by Defendants. Plambeck, Capobianco, and Giessner participate in the recruitment, and negotiation with potential new chiropractors.

107. Newly recruited chiropractors usually receive initial training at the Chiropractic Strategies office in Kenner, Louisiana, followed by further training at the Dove Point Chiropractic clinic in McAllen, Texas. The training includes the use of scripts in communicating with potential patients and patients. Plambeck personally conducts the training at the Kenner office. At times, Douglas Friedman participates in this training.

108. The Chiropractic Strategies' corporate home office in Arlington, Texas conducts staff recruitment and training, narrative report generation, clinic supplies, accounting, deposits, and payroll. Giessner oversees this office.

109. The Chiropractic Strategies' corporate office in Kenner, Louisiana conducts chiropractor recruiting, clinic billing, and clinic collections. PMG's corporate office in Kenner, Louisiana, conducts claims settlement negotiations, purportedly on behalf of law offices, including law offices located in other states. Media Placement's corporate office in Kenner, Louisiana, conducts telemarketing to persons involved in motor vehicle accidents, in various states in which Chiropractic Strategies clinics are located.



**D.     Texas**

110.    During the period January 1999 through July 2000, Defendants had no clinics in Texas. However, Chiropractic Strategies continued to maintain its corporate home office in Arlington, Texas, in regard to its operations in other states.  Plambeck maintained his residence of record in Dallas, Texas.

### 1.     Opening of the Texas Clinics at Issue

111.    In July 2000, Plambeck opened Dove Pointe Chiropractic clinic in McAllen. Subsequently, Dove Pointe Chiropractic was used as the location for the second phase of new chiropractor training, for chiropractors to be assigned to Chiropractic Strategies clinics in the various States.

112.    About the same time, Plambeck opened the Mesquite Chiropractic clinic, in Brownsville, Texas.

113.    Beginning in 2001, Plambeck began opening other new clinics in Texas.  The following clinics have been opened in Texas since July 2000:

| | | |
|---|---|---|
| (1) | Dove Pointe Chiropractic | 5309 N. McColl, Ste. A, McAllen |
| (2) | Harlingen Chiropractic | 1733 S. 77 Sunshine Strip, Ste. B, Harlingen |
| (3) | Weslaco Chiropractic | 623 A S. Texas Blvd., Weslaco |
| (4) | Mesquite Chiropractic | 1100 N. Expressway S-2, Brownsville |
| (5) | Brownsville Chiropractic & Wellness | 1213 E. Alton Gloor, Brownsville |
| (6) | Rio Grande Chiropractic | 5918 McPherson St., Laredo |
| (7) | Eastwood Chiropractic | 10664 Vista Del Sol, El Paso |
| (8) | Central Chiropractic | 2030 Montana Ave., El Paso |
| (9) | Leon Valley Chiropractic | 5407 Bandera, Ste. 21F, San Antonio |
| (10) | Ben White Chiropractic | 321 W. Ben White, Ste. 202, Austin |
| (11) | 11th Street Chiropractic | 105 N. 11th Street, Beaumont |
| (12) | Mainland Chiropractic | 1100 1st St., Ste. B, La Marque |
| (13) | Buckner 30 Chiropractic | 3040 N. Buckner Blvd., Dallas |
| (14) | Hampton Chiropractic | 2412-A W. Kiest Blvd., Dallas |
| (15) | Webb Chapel Chiropractic | 10016 Monroe Dr., Dallas |
| (16) | High Five Spine & Rehab | 13021 Coit Rd., #106, Dallas |
| (17) | Grand Prairie Chiropractic | 1101 N. Carrier Parkway, Ste. C, Grand Prairie |

|      |                              |                                  |
|------|------------------------------|----------------------------------|
| (18) | Haltom City Chiropractic     | 2227 Haltom, Suite D, Haltom City |
| (19) | South Cooper Spine & Rehab   | 1820 S. Cooper, Arlington        |
| (20) | Washington Street Chiropractic | 2026 S. Washington St., Amarillo |

114.　Capobianco assisted in opening some of the new Texas clinics, and helps oversee clinic operations.

115.　Corporations and limited liability companies were formed under Texas law, coinciding to the opening of these clinics. Generally, the officers, directors, and/or members of these entities consisted of, or included, Plambeck, Capobianco, and Giessner (previously known as Jennifer Bland and Jennifer Makarwich). The address listed for all these individuals, and the entities, in the corporate filings is Chiropractic Strategies' home corporate office in Arlington, Texas (1028 W. Pioneer Parkway, Suite 100, and subsequently 1184 W. Pioneer Parkway).

116.　From 2000, Giessner organized or incorporated the following entities, from Chiropractic Strategies' corporate home office in Arlington, Texas:

(1)　Brownsville Chiropractic Clinic, Inc.
　　　Articles of Incorporation filed April 21, 2000
　　　Initial Director: Michael K. Plambeck

(2)　Dove Point Chiropractic Clinic, Inc.
　　　Articles of Incorporation filed May 22, 2000
　　　Initial Director: Michael K. Plambeck

(3)　El Paso Chiropractic Clinic, LLC
　　　Articles of Organization filed September 11, 2000
　　　Initial Members: Michael K. Plambeck, Michael A. Capobianco

(4)　Harlingen Chiropractic Clinic, Inc.
　　　Articles of Incorporation filed April 9, 2001
　　　Initial Director: Michael K. Plambeck

(5)　Wolfin Chiropractic Clinic, LLC
　　　Articles of Organization filed April 20, 2001
　　　Initial Members: Michael K. Plambeck, Michael A. Capobianco

(6)    11th Street Chiropractic Clinic, LLC
Articles of Organization filed September 10, 2001
Initial Members:  Michael K. Plambeck, Eric Hawkins

(7)    Mainland Chiropractic Clinic, LLC
Articles of Organization filed October 12, 2001
Initial Member:  Michael K. Plambeck

(8)    WTC Chiropractic Clinic, LLC
Articles of Organization filed November 19, 2001
Initial Members:  Michael K. Plambeck, Susan Plambeck

(9)    Bergstrom Chiropractic Clinic, Inc.
Articles of Incorporation filed February 6, 2002
Initial Directors:  Michael K. Plambeck, Jennifer D. Giessner

(10)   Laredo Chiropractic Clinic, LLC
Articles of Organization filed May 7, 2002
Initial Members:   Michael K. Plambeck, Michael A. Capobianco

(11)   SA Chiropractic Clinic, LLC
Articles of Organization filed June 7, 2002
Initial Members:  Michael K. Plambeck, Michael A. Capobianco

(12)   N. Carrier Chiropractic Clinic, Inc.
Articles of Incorporation filed September 29, 2004
Initial Directors:  Michael K. Plambeck, Jennifer D. Giessner

(13)   Buckner 30 Chiropractic Clinic, Inc.
Articles of Incorporation filed October 3, 2005
Initial Directors:  Michael K. Plambeck, Jennifer D. Giessner

(14)   Hampton Chiropractic Clinic, Inc.
Articles of Incorporation filed October 31, 2005
Initial Directors:  Michael K. Plambeck, Jennifer D. Giessner

(15)   Haltom City Chiropractic Clinic, Inc.
Articles of Incorporation filed November 23, 2005
Initial Directors:  Michael K. Plambeck, Jennifer D. Giessner

(16)   Brownsville Chiropractic & Wellness Center, Inc.
Articles of Incorporation filed October 24, 2006
Initial Directors:  Michael K. Plambeck, Jennifer D. Giessner

(17)   Walnut Hill Chiropractic, Inc.
Articles of Incorporation filed July 16, 2007
Initial Directors:  Michael K. Plambeck, Jennifer D. Giessner

(18)   High Five Spine & Rehab, Inc.
Certificate of Formation filed September 11, 2007
Initial Director:  Michael Plambeck

(19)   Arlington Spine & Rehab, Inc.
Certificate of Formation filed November 12, 2007
Initial Director:  Michael Plambeck

117.   Plambeck has been president, and Giessner the secretary, of these entities.  In addition, they have been the directors of the corporations.  On information and belief, Plambeck is the sole person with an ownership interest in these corporations.   Plambeck and Capobianco have remained the members (owners) of the limited liability companies.

118.   The corporations and limited liability companies correspond to Chiropractic Strategies clinics, and often file assumed name certificates with the Texas Secretary of State to do business as the clinics.  For example, El Paso Chiropractic Clinic, LLC. filed assumed name certificates to conduct business as both Eastwood Chiropractic and as Central Chiropractic.   In further example, Walnut Hill Chiropractic Clinic, Inc. filed an assumed name certificate to conduct business as Webb Chapel Chiropractic.   The corporations and limited liability companies therefore purport to operate as, or own, the clinics.   These corporations and limited liability companies (along with similar entities in Ohio, Indiana, and Alabama) shall be referred to collectively as the "Clinic Entities."

119.   Clinic registrations have been filed with the Texas Board of Chiropractic Examiners in regard to some of these Chiropractic Strategies clinics.  Plambeck, individually, is listed as sole owner of the clinics in these clinic registrations.

120.    On information and belief, these corporations and limited liability companies do not maintain their own employees.  The staff at the clinics are employed and paid by Chiropractic Strategies.

121.    On or before January 25, 2002, Robert Ekin, D.C., became the clinic chiropractor at Dove Pointe Chiropractic.  Ekin had previously been the chiropractor at Chiropractic Strategies clinics in Ohio and Indiana in 2000-2001, and subsequently returned to Indiana in or about July 2002.

122.    Paul Grindstaff, D.C. graduated from Parker College of Chiropractic in 1998.  He was licensed to practice chiropractic in Texas in 1998.  In July 2002, Grindstaff became the clinic chiropractor at Dove Pointe Chiropractic.  Since that time, Grindstaff has been the primary trainer of new chiropractors during their second phase of initial training.

123.    As set forth in paragraph 99, Kim Grindstaff (then known as Kim Estrada) was a billing and collections manager at Chiropractic Strategies' corporate office in Kenner, Louisiana.  She continued to be a billing and collections manager in Kenner until about 2001 or 2002.  At that time, Kim Grindstaff relocated to Dove Pointe Chiropractic.  Subsequently, Kim Grindstaff has acted as a regional manager and supervisor of Chiropractic Strategies clinics in South Texas and in other parts of Texas, and has assisted in the opening of new Chiropractic Strategies clinics.

### 2.    Law Office Involvement in Texas

124.    As the new Texas clinics opened in the 2000s, Professional Management Group ("PMG") entered into relationships with licensed Texas attorneys to manage their law offices and open satellite law offices in the attorney's name.

125.    The above referenced law offices were opened by Randy Toca and PMG in locations convenient to Chiropractic Strategies clinics.  On information and belief, Randy Toca leases the space for these satellite law offices in PMG's name.

**PLAINTIFFS' ORIGINAL COMPLAINT  Page 28**

126.   There are no associate attorneys assigned to the satellite law offices by the licensed Texas attorney in whose name the office is opened.  The lay persons working at these law offices are PMG employees.

127.   Virtually all of the clients of these satellite law offices are patients referred from the Chiropractic Strategies clinics, and obtained by telemarketing.

128.   Settlement negotiations are conducted by PMG employees at the satellite law offices and from Kenner, Louisiana.  PMG employees represent themselves to be legal assistants at the satellite law offices.

129.   In addition to the PMG associated law offices, Plambeck established a referral relationship with Corpus Christi Attorney Eugene Mercier.

130.   In the period at issue, Chiropractic Strategies clinics have referred patients obtained by telemarketing to Attorney Mercier's law offices and to the PMG associated law offices. Involved attorneys during the period at issue include:

**a.      Initial Involved Law Offices**

131.   On information and belief, in the period 2001-2002, Defendants entered into agreements with three Texas attorneys, in which law offices in these attorneys' names would receive referrals of telemarketed patients from the Chiropractic Strategies clinics.  Various satellite law offices in the names of these attorneys were opened in Texas cities where Chiropractic Strategies clinics were located.

132.   The law offices presented injury claims for these patients, and received payments on those claims.  As more fully described in paragraphs 213 through 248, these telemarketed patients were purportedly treated at the clinics.  The billings presented in regard to these patients were for unnecessary and unreasonable treatment and other services, and for treatment not

rendered. The law offices also assisted in concealing that the patients were not personally responsible for the billings in regard to the purported treatment. As such, these law offices perpetuated the Defendants' fraud scheme.

133. On information and belief, the relationship between PMG and these attorneys ceased by the beginning of 2003.

### b. Law Offices of Rodney Sipes

134. Attorney Rodney Sipes was licensed to practice law in Texas in 1988. He subsequently opened a law office in Edinburg, Texas.

135. In late 2002, Sipes entered into an agreement with Plambeck, Randy Toca, and other Defendants, whereby Chiropractic Strategies clinics began referring telemarketed patients to satellite law offices.

136. Pursuant to this agreement, satellite Sipes law offices would be opened in areas near Chiropractic Strategies clinics, to which telemarketed patients would be referred for legal representation.

137. In February 2003, Sipes organized a Texas professional limited liability company, Sipes & Boudreaux, PLLC. Alan Boudreaux is a Louisiana attorney who, on information and belief, has never been licensed to practice law in Texas. In December 2003, the name of this entity was changed to Sipes & Associates, PLLC. (This entity, along with similar entities in Ohio and Indiana, shall be referred to collectively as the "Law Office Entities.")

138. The Sipes satellite offices came to be operated in conjunction with Plambeck, Randy Toca, Ric Toca, Angel Junio, and other Defendants.

139. Ric Toca and Angel Junio have traveled to Texas and personally supervised operations of law offices in Texas.

140. Ric Toca and Angel Junio have personally conducted settlement negotiations from Louisiana and from law offices in Texas, as purported legal assistants of the law offices.

141. Ric Toca assumed his role of supervision of law offices and claims settlement shortly after his release from the federal penitentiary in 2005, where he had been incarcerated for the offense of conspiracy to commit embezzlement.

142. As documented in a December 5, 2005 Judgment of Public Reprimand entered by the Hidalgo County District Court, Attorney Sipes was found to have committed professional misconduct by violating Rule 5.03(a) of the Texas Disciplinary Rules of Professional Conduct. The disciplinary petition reveals the reprimand concerned a solicitation for Sipes' services by San Antonio Sipes law office employee Christina Velez, made to a patient while the patient was on the premises of Defendants' Leon Valley Chiropractic clinic in San Antonio on June 21, 2004. The patient had not requested the clinic to recommend an attorney and had not sought legal services through the clinic.

143. As more fully described in paragraphs 213 through 248, these telemarketed patients are purportedly treated at the clinics. The billings presented in regard to these patients are for unnecessary and unreasonable treatment and other services, and for treatment not rendered. The law offices also assist in concealing that the patients were not personally responsible for the billings in regard to the purported treatment. As such, the Sipes law offices are an integral part of the Defendants' fraud scheme.

### c. Law Office of Phyllis McCune

144. Attorney Phyllis McCune was licensed to practice law in Oklahoma in 1989. She subsequently opened a law office in Tulsa, Oklahoma.

145.　In 2005, Attorney McCune obtained a Texas law license. Subsequently, a McCune satellite law office was opened in McAllen, Texas. The McAllen law office does not have an associate attorney.

146.　Attorney McCune's chief legal assistant is Annette Ozuna. Ozuna was previously a legal assistant at one of the law offices initially associated with PMG, and then the Rodney Sipes satellite McAllen law office. Ozuna is the sister of Defendant Charlie Mora.

147.　On information and belief, Attorney McCune reached agreement with other Defendants in regard to representing Chiropractic Strategies clinic patients, and the opening of the McAllen law office in her name. Once it opened, the McAllen McCune law office began receiving referrals from Chiropractic Strategies clinics.

148.　As more fully described in paragraphs 213 through 248, these telemarketed patients are purportedly treated at the clinics. The billings presented in regard to these patients are for unnecessary and unreasonable treatment and other services, and for treatment not rendered. The law office also assists in concealing that the patients were not personally responsible for the billings in regard to the purported treatment. As such, the law office perpetuates the Defendants' fraud scheme.

       **d.　Law Offices of Eugene Mercier/Megan Ingle**

149.　Attorney Eugene Mercier was licensed to practice law in Texas in 1987. In 1994, Mercier formed a Texas corporation, Eugene X. Mercier, P.C. The charter for this entity was forfeited in 2002. In 2003, Mercier formed a Texas professional limited liability company, Law Offices of Eugene X. Mercier, PLLC. (These entities, along with similar entities in Ohio and Indiana, shall be referred to collectively as the "Law Office Entities.")

150. Attorney Eugene Mercier, had a referral relationship with Plambeck in the 1990s, in regard to Plambeck's previous (now closed) clinics in the lower Rio Grande Valley. As a part of that relationship, Plambeck and Mercier paid Charlie Mora to illegally solicit clients for the Mercier law office. Mercier and Plambeck were later indicted for barratry and conspiracy to commit barratry in Hidalgo County, Texas, in regard to this 1990s activity.

151. As documented in a November 3, 2006 *En Banc* Opinion and Order of the Texas Board of Disciplinary Appeals, Attorney Mercier had an extraordinary history of disciplinary sanctions by 2000. These included an agreed judgment of public reprimand by the Nueces County District Court in 1999, an agreed judgment of public reprimand imposed by a State Bar of Texas grievance committee in 1999, an agreed judgment of fully probated six-month suspension imposed by the Nueces County District Court in 1995, an agreed judgment of partially probated suspension based on a theft conviction imposed by the Nueces County District Court in 1991, and a judgment of private reprimand imposed by a State Bar grievance committee in 1988. The 2006 Order noted:

> "Mercier's first discipline occurred only eight months after he was licensed, and Mercier has continued to violate the ethical standards throughout his legal career. He is the only attorney ever to have come before this Board with felony convictions for both theft and barratry, two crimes expressly identified by the disciplinary system as serious offenses."

152. When the new Texas clinics began to open in 2000, Mercier entered into an agreement with Plambeck and other Defendants, whereby Chiropractic Strategies clinics began referring telemarketed patients to Mercier's law offices. Mercier's main office remained in Corpus Christi, Texas, with a satellite office in McAllen, Texas. Satellite Mercier law offices opened in Harlingen, Austin, Brownsville, and Laredo.

153. As more fully described in paragraphs 213 through 248, these telemarketed patients are purportedly treated at the clinics. The billings presented in regard to these patients are for

unnecessary and unreasonable treatment and other services, and for treatment not rendered. The law offices also assist in concealing that the patients were not personally responsible for the billings in regard to the purported treatment. As such, the Mercier/Ingle law offices are an integral part of the Defendants' fraud scheme.

154. On information and belief, Mercier maintains his own employees at these law offices. The clinics refer patients to the Mercier law offices based upon Mercier's past relationship with Plambeck and Mora, forged through illegal and criminal activity.

155. Mercier was tried and convicted of conspiracy to commit barratry in 2002. The Texas District Court granted a new trial and acquitted Mercier, and the State of Texas appealed. On May 19, 2005, the Texas Court of Appeals reversed the judgment of acquittal and remanded the case for sentencing. Mercier was subsequently (May 26, 2006) convicted and sentenced to six months confinement. The sentence was suspended, and Mercier placed on community supervision for two years. Mercier was also ordered to surrender his law license. On November 3, 2006, the Board of Disciplinary Appeals suspended Mercier's law licensed.

156. As a result of the Texas Court of Appeals' remand of his criminal case, and his subsequent license suspension, Mercier allegedly ceased representing Chiropractic Strategies clinic patients. In fact, Mercier placed a newly licensed attorney, Megan Ingle, as a figurehead in his law offices.

157. Attorney Megan Ingle was licensed to practice law in Texas in November 2005, and subsequently opened a law office in Austin, Texas.

158. In Spring 2006, Ingle assumed representation of Chiropractic Strategies clinic patients who had been represented by Mercier. Mercier's Corpus Christi, McAllen, and Harlingen law offices became "Ingle" law offices, retaining the same addresses and telephone numbers. In

September 2006, Ingle formed a Texas limited liability company, The Ingle Law Firm, LLC, listing the Corpus Christi law office address as the entity home address. (This entity, along with similar entities in Ohio and Indiana, shall be referred to collectively as the "Law Office Entities.")

159. Chiropractic Strategies clinics continue to refer telemarketed patients to the "Ingle" law offices.

**E.     Ohio**

160. In the late 1980s and early 1990s, Plambeck opened several clinics in Ohio. On information and belief, these clinics closed by about 1995.

161. In late 1996, Plambeck opened Old Town Chiropractic in Columbus, and Vernon Place Chiropractic in Cincinnati.

**1.     Opening of the Ohio Clinics at Issue**

162. Thereafter, Plambeck began opening other new clinics in Ohio. Although the clinics have operated under various names at different times, the following clinics have been opened in Ohio since late 1996:

| | | |
|---|---|---|
| (1) | Vernon Place Chiropractic | 3033 Vernon Place, Cincinnati |
| (2) | Old Town Chiropractic | 3431G Cleveland Avenue, Columbus |
| (3) | East Broad Chiropractic | 3354 East Broad Street, Columbus |
| (4) | Westgate Family Health | 2977 W. Broad Street, Columbus |
| (5) | Dorr Street Chiropractic | 3407 Dorr Street, Toledo |
| (6) | Akron Square Chiropractic | 1419 S. Arlington Street, Akron |
| (7) | Shaker Square Chiropractic | 11811 Shaker Blvd., Ste. 415, Cleveland |
| (8) | Northfield Chiropractic | 619 Northfield Drive, Bedford Heights |
| (9) | Pearl Road Chiropractic | 6508 Detroit Avenue, Cleveland |
| (10) | West Tusc Chiropractic | 3410 W. Tuscarawas, First Floor, Canton |
| (11) | Northside Chiropractic | 6023 N. Dixie Drive, Dayton |
| (12) | Youngstown Chiropractic | 4495 Market Street, Boardman |

Examples of changes in clinic name include: (1) Pearl Road Chiropractic has also been known as Shoreway Chiropractic and Detroit Shoreway Chiropractic, (2) Dorr Street Chiropractic has also



been known as American Chiropractic, (3) Westgate Family Health has also been known as West Broad Chiropractic.

163.    Corporations and limited liability companies were formed under Ohio law, coinciding to the opening of these clinics.

164.    From 1996, Plambeck, Giessner (previously known as Jennifer Bland and Jennifer Makarwich), or other Chiropractic Strategies representatives organized or incorporated the following entities, from Chiropractic Strategies corporate home office in Arlington, Texas:

   (1)    Congressional Chiropractic Health Center, Inc.
          Articles of Incorporation filed June 17, 1996

   (2)    Vernon Place Chiropractic Health Center, Inc.
          Articles of Incorporation filed August 30, 1996

   (3)    West Tusc Chiropractic, Inc.
          Articles of Incorporation filed May 20, 1997

   (4)    Youngstown Chiropractic, Inc.
          Articles of Incorporation filed May 20, 1997

   (5)    Arlington Chiropractic, Inc.
          Articles of Incorporation filed May 20, 1997

   (6)    East Broad Chiropractic, Inc.
          Articles of Incorporation filed April 24, 1998

   (7)    American Chiropractic, Inc.
          Articles of Incorporation filed July 17, 1998

   (8)    West Broad Chiropractic, Inc.
          Articles of Incorporation filed October 20, 1998

   (9)    Shaker Square Chiropractic, Inc.
          Articles of Incorporation filed June 1, 1999

   (10)   Dayton Chiropractic, Inc.
          Articles of Incorporation filed March 6, 2000

   (11)   West Tusc Chiropractic, LLC
          Articles of Incorporation filed April 17, 2000

    (12)    Pearl Road Chiropractic, Inc.
               Articles of Incorporation filed January 2, 2004

    (13)    Shoreway Chiropractic, LLC
               Articles of Organization filed February 25, 2005

165.    On August 2, 1996, Congressional Chiropractic Health Center, Inc. filed a trade name registration for the name "Old Town Chiropractic Inc." On July 7, 1997, Arlington Chiropractic, Inc. filed a trade name registration for the name Akron Square Chiropractic, Inc.

166.    Ohio Secretary of State records list the address for some of these entities as the Chiropractic Strategies' home corporate Arlington, Texas, address.

167.    On information and belief, Plambeck has been president, and Giessner is currently the secretary, of these entities, and are the directors of the corporations. On information and belief, Plambeck is the sole person with an ownership interest in these corporations, and is a member of the limited liability companies.

168.    The corporations and limited liability companies correspond to Chiropractic Strategies clinics, and often file name registrations for fictitious names with the Ohio Secretary of State to do business as the clinics. The name registrations are signed and forwarded to the Ohio Secretary of State by Giessner, from the Chiropractic Strategies corporate home office in Arlington, Texas. For example,

    -   On October 4, 2004, West Broad Chiropractic, Inc. filed a name registration for the fictitious name "Westgate Family Health."

    -   On October 18, 2004, American Chiropractic, Inc. filed a name registration for the fictitious name "Dorr Street Chiropractic."

- On February 22, 2005, Pearl Road Chiropractic, Inc. filed a trade name registration for the fictitious name Detroit Shoreway Chiropractic.

- On July 5, 2005, Dayton Chiropractic, Inc. filed a name registration for the fictitious name "Northside Chiropractic."

The corporations and limited liability companies therefore purport to operate as, or own, the clinics. These corporations and limited liability companies (along with similar entities in Texas, Indiana, and Alabama) shall be referred to collectively as the "Clinic Entities."

169.   On information and belief, these corporations and limited liability companies do not maintain their own employees. The staff at the clinics are employed and paid by Chiropractic Strategies.

### 2.    Law Office Involvement in Ohio

170.   On information and belief, around the time of the expansion of the Ohio clinics, in the late 1990s, PMG entered into a relationship with a Texas attorney to manage a satellite law office in the attorney's name, in Columbus, Ohio. Subsequently, PMG entered into a relationship with an Ohio attorney to manage her Columbus law office.

171.   On information and belief, Randy Toca leased the space for this office. The lay persons working at this law office were PMG employees.

172.   Attorney Thomas Magelaner was licensed to practice law in Ohio in 1990. Attorney Magelaner subsequently practiced law in Ohio. Magelaner & Associates, Ltd. was formed in December 1999. (This entity, along with similar entities in Texas and Indiana, shall be referred to collectively as the "Law Office Entities.")

173.   About 1999, Attorney Magelaner assumed ownership of the Columbus law office referenced above. Magelaner entered into an agreement with Plambeck, Randy Toca, and other

Defendants whereby PMG continued to manage that office and satellite Magelaner law offices. Chiropractic Strategies clinics continued to refer telemarketed patients to the Columbus office, and began to refer patients to satellite "Magelaner & Associates" law offices subsequently opened in Cincinnati and Akron for legal representation.

174.    These Ohio law offices came to be operated in conjunction with Plambeck, Randy Toca, and other Defendants.

175.    As more fully described in paragraphs 213 through 248, these telemarketed patients are purportedly treated at the clinics.  The billings presented in regard to these patients are for unnecessary and unreasonable treatment and other services, and for treatment not rendered.  The law offices also assist in concealing that the patients were not personally responsible for the billings in regard to the purported treatment.  As such, the Magelaner law offices are an integral part of the Defendants' fraud scheme.

**F.    Indiana**

176.    In the early 1990s, Plambeck owned several clinics in Indiana.  These clinics closed by about 1995.  During the period 1996 through 2000, Defendants had no clinics in Indiana.

**1.    Opening of the Indiana Clinics at Issue**

177.    In 2000, Plambeck, assisted by Ekin, opened the Midtown Chiropractic clinic in Indianapolis.

178.    Ekin had previously been clinic chiropractor at several Chiropractic Strategies clinics in Ohio.

179.    Ekin was the first clinic chiropractor at Midtown Chiropractic.  At times during the period 2001-2002, Ekin was outside Indiana opening and/or acting as clinic chiropractor at


Chiropractic Strategies clinics in other states, including the Dove Point Chiropractic clinic in McAllen, Texas.

180.   Beginning in 2003, Plambeck began opening other new clinics in Indiana.  Ekin assisted in the opening of some of these clinics.  The following clinics have been opened in Indiana since 2000:

|     |     |     |
| --- | --- | --- |
| (1) | Midtown Chiropractic | 1835 N. Meridian Street, Indianapolis |
| (2) | Kennedy Avenue Chiropractic | 6959 Kennedy Ave., Ste. B, Hammond |
| (3) | Main Street Chiropractic | 1116 N. Main St., #1, South Bend |
| (4) | Monon Trail Chiropractic | 6378 N. College Ave., Indianapolis |

Around 2007, the Midtown Chiropractic clinic was renamed Hands First Chiropractic.

181.   Corporations and limited liability companies were formed under Indiana law, coinciding to the opening of these clinics.  Generally, the officers, directors, and/or members of these entities consisted of or included Plambeck and Giessner.  The address listed for all these individuals is Chiropractic Strategies' corporate office in Arlington, Texas (1028 W. Pioneer Parkway, Suite 100, and subsequently 1184 W. Pioneer Parkway).

182.   From 2000, Giessner organized or incorporated the following entities, from Chiropractic Strategies' corporate home office in Arlington, Texas:

(1)   Indianapolis Chiropractic, LLC
Articles of Organization filed July 7, 2000

(2)   Main Street Chiropractic, Inc.
Articles of Incorporation filed October 30, 2003

(3)   Monon Trail Chiropractic, Inc.
Articles of Incorporation filed May 21, 2004

(4)   Kennedy Avenue Chiropractic, LLC
Articles of Organization filed June 16, 2003

183.  Indianapolis Secretary of State records list the address for each of the four entities as 1184 W. Pioneer Parkway, Arlington, Texas.

184.  Subsequently, Plambeck has been president, and Giessner the secretary, of the corporations.  On information and belief, Plambeck is the sole person with an ownership interest in these corporations.  On information and belief, Plambeck and Ekin have been the members of the limited liability companies.

185.  The four corporations and limited liability companies correspond to the four Indiana Chiropractic Strategies clinics.  The corporations and limited liability companies therefore purport to operate as, or own, the clinics. These corporations and limited liability companies (along with similar entities in Texas, Ohio, and Alabama) shall be referred to collectively as the "Clinic Entities."

186.  On information and belief, these corporations and limited liability companies do not maintain their own employees.  The staff at the clinics are employed and paid by Chiropractic Strategies.

### 2.    Law Office Involvement in Indiana

187.  As the number of Indiana clinics expanded, PMG entered into relationships with attorneys to open Indiana satellite law offices in the attorney's name and manage those offices.

### a.    LoCicero & Labourdette

188.  Attorneys Andrew LoCicero and Scot Labourdette were both licensed to practice law in Louisiana in 2001, and subsequently opened a law firm, "LoCicero & Labourdette," with offices in New Orleans and Shreveport, Louisiana.

189.    Locicero and Labourdette organized an Indiana limited liability company, Locicero, Labourdette & Associates, LLC, in November 2003.   (This entity, along with similar entities in Texas and Ohio, shall be referred to collectively as the "Law Office Entities.")

190.    In 2003, LoCicero and Labourdette entered into an agreement with Plambeck, Randy Toca, and other Defendants, whereby Chiropractic Strategies clinics began referring telemarketed patients to their Indiana law office. A "LoCicero & Labourdette" law office, also known as "LoCicero Labourdette & Associates," was opened with Randy Toca's assistance in Indianapolis. This office was in close proximity to the Midtown Chiropractic clinic.

191.    In October 2004, approximately a year after the Indiana "LoCicero & Labourdette" office opened, LoCicero obtained a license to practice law in Indiana.   On information and belief, Attorney Labourdette never obtained an Indiana law license.

192.    An associate attorney who was licensed to practice law in Indiana was hired prior to the time LoCicero obtained his license.

193.    In fact, the Indianapolis law office came to be operated in conjunction with Plambeck, Randy Toca, and other Defendants.

194.    The lay persons working at the Indianapolis law office were PMG employees.

195.    Settlement negotiations were conducted by PMG employees at the Indianapolis law office and the Defendants' central business address in Kenner, Louisiana.  PMG employees represented themselves to be legal assistants of the Indiana law office.

196.    Virtually all of the clients of the Indianapolis law office were patients referred from the Chiropractic Strategies clinics, and obtained by telemarketing.

197.    As more fully described in paragraphs 213 through 248, these telemarketed patients are purportedly treated at the clinics.  The billings presented in regard to these patients are for

unnecessary and unreasonable treatment and other services, and for treatment not rendered. The law offices also assist in concealing that the patients were not personally responsible for the billings in regard to the purported treatment. As such, the Indianapolis LoCicero & Labourdette law office is an integral part of the Defendants' fraud scheme.

198.    The Indianapolis "LoCicero & Labourdette" law office ceased operations about September 2006.

> **b.    Magelaner & Associates**

199.    Around 2006, Magelaner entered into an agreement with Plambeck, Randy Toca, and other Defendants, whereby Chiropractic Strategies clinics began referring telemarketed patients a satellite law office ostensibly operated by Magelaner in Indianapolis. In May 2006, an associate attorney of an Ohio "Magelaner & Associates" law office obtained an Indiana law license.

200.    Subsequently, a "Magelaner & Associates" law office was opened in Indianapolis, in the same building as the prior "LoCicero & Labourdette" office. This office is in close proximity to the Midtown Chiropractic clinic. Once it opened, the Indianapolis law office began receiving referrals from Chiropractic Strategies clinics.

201.    As more fully described in paragraphs 213 through 248, these telemarketed patients are purportedly treated at the clinics. The billings presented in regard to these patients are for unnecessary and unreasonable treatment and other services, and for treatment not rendered. The law office also assists in concealing that the patients were not personally responsible for the billings in regard to the purported treatment. As such, the law office perpetuates the Defendants' fraud scheme.

> **G.    Operations in Alabama**

202.    In the late 1980s and early 1990s, Plambeck opened several "Behrman" clinics in Alabama. On information and belief, the Behrman clinics closed by 1995.

### 1.   Opening of the Alabama Clinics at Issue

203.   In Fall 2006, Plambeck opened the Five Points Chiropractic Clinic, 1318 20th St. South, #100, Birmingham, Alabama.   On or about July 27, 2007, Plambeck opened the Bayside Spine and Rehab clinic, aka Mobile Spine and Rehab, 2480 Government Street, Mobile, Alabama.   In January 2008, Plambeck opened Landmark Chiropractic in Huntsville, Alabama.

204.   Since 2006, Giessner organized or incorporated the following entities, from Chiropractic Strategies' corporate home office in Arlington, Texas:

   (1)   Five Points Chiropractic, Inc.
         Articles of Incorporation filed September 6, 2006.

   (2)    Mobile Spine & Rehab Center on the Loop, Inc.
         Articles of Incorporation filed June 20, 2007.

   (3)   Landmark Chiropractic, Inc.
         Articles of Incorporation filed December 31, 2007.

205.   The three corporations correspond to the three Alabama Chiropractic Strategies clinics. The corporations therefore purport to operate as, or own, the clinics.   These corporations (along with similar entities in Texas, Ohio, and Indiana) shall be referred to collectively as the "Clinic Entities."

206.   On information and belief, these corporations and limited liability companies do not maintain their own employees.   The staff at the clinics are employed and paid by Chiropractic Strategies.

### 2.   Medical Clinic Involvement

207.   The Alabama Board of Chiropractic Examiners prohibits chiropractors from direct, uninvited solicitation of potential patients, including telephone solicitation.   However, there is no similar prohibition in regard to medical doctors soliciting patients.

208.    New Beginnings Medical Group was started by Dr. Glen Wilcoxson, M.D., in 1996, shortly after Wilcoxson was released from the federal penitentiary, where he had been incarcerated for multiple counts of mail fraud, wire fraud, and tax evasion.  New Beginnings Medical Group's actual office/clinic is located in Daphne, Alabama.  At the Daphne location, Dr. Wilcoxson is an advocate of alternative forms of medicine.

209.    A satellite "New Beginnings Medical Group" office was opened immediately adjacent to the Five Points Chiropractic clinic in Birmingham.  Similarly, a satellite "New Beginnings Medical Group" office was opened immediately adjacent to Bayside Spine and Rehab in Mobile.  On information and belief, there is no licensed medical staff at the Birmingham or Mobile New Beginnings locations.

210.    The Birmingham and Mobile New Beginnings offices are used as vehicles to direct persons solicited by telemarketing to the Five Points Chiropractic and Bayside Spine and Rehab clinics.    Persons involved in automobile collisions are solicited by telemarketers to the Birmingham or Mobile New Beginnings office.  The New Beginnings office then refers the solicited persons to the adjacent Five Points Chiropractic or the Bayside Spine and Rehab clinic.

211.    On information and belief, no licensed medical provider examines, evaluates, or treats patients at the Birmingham or Mobile New Beginnings office locations.  On information and belief, there is no "in person" referral of the patients to the chiropractic clinics.  The referrals to Five Points Chiropractic and Bayside Spine and Rehab are purportedly made by Dr. Wilcoxson, via telephone conference with the solicited persons when they appear at the Birmingham and Mobile New Beginnings locations.

212.    The satellite New Beginnings offices are therefore used as a sham to circumvent Alabama law prohibiting solicitation by chiropractors.

**V.**

**DEFENDANTS' OPERATIONS**

**(Relevant to All Causes of Action)**

A.      <u>Telephone Solicitation of Patients</u>

213.    Defendants obtain the names of persons involved in automobile accidents through accident reports generated by law enforcement agencies.  During the period at issue, patients are obtained by telemarketing, not advertising.

214.    The reports are reviewed to ascertain the identity of drivers who are not listed as being liable for the accident by the responding law enforcement officer, and the identities of passengers.

215.    Telemarketers then contact the potential patients by telephone to convince them to come to a Chiropractic Strategies clinic.

216.    Telemarketers employed by Media Placement are trained by Douglas Friedman, at Media Placement's office in Kenner, Louisiana.  They are under Friedman's direction.

217.    These telemarketers are based at Media Placement's corporate office in Kenner, Louisiana, and solicit persons in Texas, Ohio, Indiana, Alabama, and other states from Kenner, by interstate telephone calls.

218.    In addition to the Kenner based Media Placement telemarketers, Defendants also use local telemarketers.   The local telemarketers include Charlie Mora in South Texas, Irma Escandon in El Paso, and Rainbow Marketing in Ohio and possibly other states.   Mora has previously been indicted for bribery by the State of Texas, and pled guilty to the offense.

219.    The Kenner based and local telemarketers make misrepresentations to the solicited persons to persuade them to come to a Chiropractic Strategies clinic.   The telemarketers generally offer the potential patients a "free 10 point examination" at the clinic.  Even if the

**PLAINTIFFS' ORIGINAL COMPLAINT   Page 46**

solicited person advises they have no pain and are otherwise asymptomatic, the telemarketer encourages them to come for the "free" examination.

220. The telemarketers sometimes represent they are from "the insurance company" or a named automobile insurer, such as "Allstate," and advise the solicited individual that the insurance company wants them to go to the clinic for examination.

221. If the solicitation is successful, the telemarketer schedules the solicited individual with an appointment date and time, and instructs them as to the location of a Chiropractic Strategies clinic.

222. The telemarketer typically documents the appointment by a fax sent to the Chiropractic Strategies clinic, listing the solicited person's name and the appointment time scheduled by the telemarketer. The appointment sheet also identifies the telemarketer.

223. Using interstate means of communication, Media Placement, Rainbow Marketing, and other telemarketers forward appointment sheets to Chiropractic Strategies clinics in Texas, Ohio, Indiana, and Alabama.

224. Media Placement pays the Kenner based telemarketers a bonus for each person they contact and schedule, who actually appears at the clinic for the scheduled appointment. An additional bonus is paid to the telemarketer for each person who then becomes a treating patient.

225. Media Placement, or other Defendants, pays local telemarketers for persons they solicit to the clinics, who become treating patients.

226. Due to the regulatory prohibition on direct telephone solicitation by chiropractors in Alabama, Defendants modify their telephone solicitations to that State:

a.   The telemarketers solicit the prospective patients to the satellite "New Beginnings Medical Group" offices immediately adjacent to the Five Points Chiropractic and Bayside Spine & Rehab clinics.

b.   Once the solicited person arrives at New Beginnings satellite offices, they are asked to complete paperwork.

c.   Thereafter, they allegedly confer with Dr. Glen Wilcoxson, MD, by telephone. There is no actual medical examination or face to face meeting with a medical doctor.

d.   During the conference, the solicited person is referred to the Five Points Chiropractic or Bayside Spine & Rehab clinics.

e.   New Beginnings Medical Group plays no further role in evaluation or treatment of the patient.

**B.   "Conversion" and "Retention"**

227.   The "Free 10 Point Examination" is cursory.   These "examinations" are sometimes conducted by unlicensed chiropractic assistants.

228.   A charged examination (generally billed under CPT code 99203), is generally conducted once the solicited person is coerced into becoming a treating patient.   The charged examination is usually performed either the same day as the "free" examination, or the following day.

229.   "Conversion" is Defendants' terminology for persuading the solicited individuals to become treating patients.   The solicited individuals are coerced and deceived into treatment through misrepresentations.   This "conversion" is performed, regardless of whether the person does not complain of pain, is asymptopmatic, or shows no sign of injury.

230.    Following the "Free 10 Point Examination," the prospective patients are told the results of the examination show indications of injuries, and the need for x-rays. Patients receive unnecessary x-rays. Often, the x-rays billed by the Enterprise are not of diagnostic quality.

231.    The Chiropractic Strategies clinic chiropractors are trained and instructed to misrepresent results of the 10 Point examinations and x-rays to coerce and deceive the solicited individuals into becoming patients. The potential patients are told they have substantial injury, caused by the recent automobile collision, which requires an immediate course of treatment.

232.    As a part of the "conversion" process, the Chiropractic Strategies clinic chiropractors are trained and instructed to advise the potential patients that they will never personally have to pay any of the clinic charges for their prospective treatment, regardless of the outcome of their claim, and the clinic will only look to insurance proceeds for payment. This release from obligation to pay is made prior to the prospective patient commencing treatment, as an enticement for the individual to become a treating patient.

233.    Contrary to the release of obligation conveyed to the patient as a part of the "conversion" process, the patients are asked to sign a document in which they purportedly acknowledge that they remain personally liable for payment of all clinic bills. These documents are then forwarded by Defendants to automobile insurers, including Plaintiffs.

234.    Following "conversion," Defendants mandate "retention" (Defendants' term) of the new patients. "Retention" means convincing the new patient to continue through a predetermined course of treatment.

235.    Misrepresentations and scare tactics are again employed to 'retain' or keep the new patients in the treatment program. The chiropractors are trained and instructed to advise patients that they must complete the course of treatment, or supposed spinal injuries and misalignments

sustained due to the automobile accident will not properly heal, or will become symptomatic in the future.

236.    Chiropractors who do not "convert" asymptomatic persons into patients, or who have low "retention" rates are censured and, if their "conversion" and "retention" rates do not improve, terminated.  Plambeck and Capobianco personally contact chiropractors to chastise them in this regard.

237.    The "converted" patients are put through an unnecessary 'cookie-cutter' pattern of treatment, consisting of chiropractic manipulations, and non-labor intensive chiropractic modalities conducted by a chiropractic assistant.

238.    Defendants keep the duration and total cost of treatment within particular bounds, which Defendants conclude will not be questioned by automobile insurance carriers.   Aside from x-rays, which are used in the "conversion" process described herein above, no diagnostic tests are performed by Defendants at the clinics.

239.    However, there is billing for services that are not actually performed.   There is also billing for services inadequately rendered, namely x-rays that are not of diagnostic quality.

## C.    Referral to Law Offices

240.    Once the solicited individual is "converted" into a patient, the Chiropractic Strategies clinic immediately refers them to an associated law office.

241.    Persons working at the law offices often come to the Chiropractic Strategies clinics to 'sign up' the patient (i.e., have the patient sign an employment agreement).

242.    Chiropractic Strategies clinic Chiropractors who do not make referrals to the associated law offices are censured and, if they continue not to make the referrals to these law offices, terminated.

243. PMG or law office employees forward representation letters to automobile insurers, such as Plaintiffs.

244. Correspondence, including the representation letters, are forwarded to Plaintiffs by U.S. Mail and, at times, by interstate fax transmissions from Louisiana to Plaintiffs' representatives in Texas, Ohio, Indiana, Alabama, and other states.

**D.    Presentation of Claims**

245. After the patient completes the course of treatment, clinic chiropractors and/or assistants forward templates to Chiropractic Strategies' Arlington corporate home office.

246. Final narrative reports are generally prepared by laypersons at Chiropractic Strategies' Arlington corporate home office. Standard paragraphs entered by lay report writers include 'findings' of reasonableness and necessity of the treatment and services, and that the supposed injuries which were treated were the result of the automobile collision at issue in the claim. The reports are generally not provided to the clinic chiropractor for review.

247. HCFA 1500 billing forms or itemized billings are prepared by lay persons at Chiropractic Strategies' Kenner, Louisiana, office. These lay persons select the CPT codes to include in the billing forms. The billings are generally not provided to the clinic chiropractor for review.

248. The documents, and law office demand letters, are forwarded in demand packages to Plaintiffs through the PMG or associated law offices by U.S. Mail or interstate fax transmissions.



# VI.
## CAUSES OF ACTION

### COUNT ONE

(Against All Defendants for Violation of Title 18,
United States Code, Section 1962 (c))

**A.  THE ENTERPRISE**

249.  Plaintiffs incorporate as though fully set forth herein, each and every allegation contained in paragraphs 1 through 248 above.

250.  Michael Kent Plambeck, Douglas Friedman, Randy Toca, Chiropractic Strategies, Media Placement, and PMG are an association in fact Enterprise, as that term is defined in Tile 18, United State Code, Section 1961(4).

251. ᵔ These persons and entities hold themselves out as legitimate providers of clinic management and operations, marketing, and law office management services.

252.  The Enterprise exists separate and apart from the pattern of racketeering activity alleged herein.  As referenced in paragraphs 81 to 109, Plambeck, Friedman, Randy Toca, Chiropractic Strategies, Media Placement, and PMG associated prior to the period at issue in this lawsuit, in regard to chiropractic clinic management, advertising, lobbying, solicitation, providing services to law offices, etc.

253.  The Enterprise has an identifiable structure, with each member fulfilling a specific role to carry out and facilitate its purpose as follows:

254.  Defendants Chiropractic Strategies, Michael Kent Plambeck, Michael Capobianco, Paul Grindstaff, Robert Ekin, Jennifer Giessner, Douglas Friedman, Kim Grindstaff, and the clinic entities have established, financed, owned, operated, and/or participated in the management of the Chiropractic Strategies clinics.  This includes:

**PLAINTIFFS' ORIGINAL COMPLAINT  Page 52**

a.     Recruitment and training of chiropractors and clinic staff for the clinics by Plambeck, Capobianco, Paul Grindstaff, Ekin and Friedman. This includes training in "conversion" and "retention" of prospective patients who are not injured and do not require or would have sought treatment, through misrepresentations.

b.     Coercion, chastisement, or termination of chiropractors who are unwilling to comply with the Enterprise's directives concerning "conversion," x-rays, referrals to associated law offices, "retention," etc., by Plambeck and Capobianco.

c.     Establishment of new Chiropractic Strategies clinics by Plambeck, Capobianco, Robert Ekin, Kim Grindstaff, and the clinic entitles.

255.   Defendants Michael Kent Plambeck, Michael Capobianco, Douglas Friedman, Media Placement, Charles Mora, Irma Escandon, and Rainbow Marketing establish, finance, own, operate, and/or participate in the management of telemarketing operations. This includes training and encouraging telemarketers to make misrepresentations, or personally making misrepresentations to prospective patients who are not injured or would not have otherwise sought treatment. Defendant Glen Wilcoxson facilitates the telemarketing for the Alabama Chiropractic Strategies clinics.

256.   Defendants Michael Kent Plambeck, Michael Capobianco, Randy Toca, Ric Toca, Angel Junio, PMG, Law Office Network, Eugene Mercier, Rodney Sipes, Megan Ingle, Thomas Magelaner, Andrew LoCicero, Scot Labourdette, and the law office entities establish, finance, own, operate, and/or participate in the management of law offices presenting the fraudulent claims at issue.

257.   The Enterprise engages in, and its activities affect, interstate commerce.

258.    The Defendants have been employed by and/or associated with the Enterprise, have participated in the management and operation of the Enterprise, and deliberately caused a fraud to be perpetrated upon Plaintiffs and other automobile insurers.

**B.      THE PURPOSE OF THE SCHEME**

259.    The purpose of the scheme is to illicitly and illegally enrich the Defendants at the expense of Plaintiffs and their policyholders.

260.    As set forth set forth at length in paragraphs 213 through 248 and incorporated herein, the scheme is to create and pursue fraudulent bodily injury claims:

      a.      Potential patients are contacted by telemarketers, who deceive the solicited persons to go to a Chiropractic Strategies clinic to receive a "free" examination, or misrepresent that they are a representative of an insurer and that the insurer is directing the solicited person to go to the clinic.

      b.      The clinics "convert" solicited persons, who are not injured and do not need treatment, by misrepresenting to the patient that they have sustained significant injury.  As a part of the "conversion" process, the potential patients are also advised they will never have to personally pay for any portion of the future treatment, and the clinic will look only to insurance proceeds.

      c.      Contrary to the release of liability for billings made to the patient, a document misrepresenting that the patient has actually incurred treatment charges and is personally obligated to pay the charges is forwarded to Plaintiffs.

      d.      The clinic refers the patient to an associated law office.

      e.      A law office representation letter is generated and forwarded to Plaintiffs.

    f.      The patient is put through an unnecessary course of chiropractic adjustments, modalities, and x-rays.

    g.      Demand packages containing attorney letters, treatment records, reports billings, etc. are forwarded to Plaintiffs.

    h.      Plaintiffs, based on the Enterprise's activities and in reliance on the documentation submitted, proceed in the settlement of these claims.

## C.    THE PATTERN OF RACKETERING ACTIVITIES

261.    Defendants have knowingly conducted and/or participated, directly and indirectly, in the conduct of the affairs of the above described Enterprise through a "pattern of racketeering activity" as defined by Title 18, United States Code, Section 1961(5).

262.    Such racketeering activity consists of repeated violations of the Federal mail fraud statute, Title 18, United States Code, section 1341, based upon the fraudulent claims made regarding the supposed treatment at Chiropractic Strategies clinics in Texas, Ohio, Indiana, and Alabama.

263.    The racketeering activity also consists of repeated violations of the Federal wire fraud statute, Title 18, United States Code, section 1343, based upon:

    a.      Interstate telephone communications made by telemarketers in Kenner, Louisiana, to Texas, Ohio, Indiana, and Alabama residents, soliciting and/or deceiving persons in automobile collisions to go to a Chiropractic Strategies clinic in the solicited person's State or, in the case of Alabama, to go to the New Beginnings clinic.

    b.      Interstate telephone fax communications made by telemarketers in Kenner, Louisiana, to Texas, Ohio, Indiana, and Alabama Chiropractic Strategies clinics,

or, in the case of Alabama, the New Beginnings clinic, transmitting appointment sheets in furtherance of the Enterprise.

c.    Interstate telephone fax communications made by PMG employees/agents in Kenner, Louisiana, to Plaintiffs' representatives in Texas, Ohio, Indiana, and Alabama.

264.    These predicate acts are part of a scheme, and are not isolated events.  Furthermore, the Defendants' pattern of racketeering activity is ongoing, and amounts to or poses a threat of continued criminal activity.

**D.    INJURY TO PLAINTIFFS**

265.    As a direct and proximate result of the Defendants' conduct, Plaintiffs were injured by paying sums in payment of fraudulent bodily injury claims, arising from the pattern of racketeering activity.  This injury is set forth more fully in paragraphs 302 through 305.

266.    By reason of their injury, Plaintiffs are entitled to treble damages, costs, and reasonable attorneys' fees pursuant to title 18, United States Code, section 1964(c).

**VII.**
**COUNT TWO**

(Against All Defendants for Violation of Title 18,
United States Code, Section 1962 (d))

267.    Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 266 above.

268.    Since at least 2002, Defendants willfully combined, conspired, and agreed with one another and with others to violate Title 18, United States Code, Section 1962(c),  that is, to conduct and/or to participate, directly or indirectly, in the affairs of the Enterprise, the activities

**PLAINTIFFS' ORIGINAL COMPLAINT  Page 56**

of which were conducted through a pattern of racketeering activities, in violation of U.S.C. section 1962(d).

269.    The object of this conspiracy was to defraud Plaintiffs.

270.    As a direct and proximate result of the Defendants' conduct as set forth herein, Plaintiffs were injured by paying sums in payment of fraudulent bodily injury claims, arising from the pattern of racketeering activity.  This injury is set forth more fully in paragraphs 302 through 305.

271.    By reason of this injury, Plaintiffs are entitled to treble damages, costs, and reasonable attorneys' fees pursuant to 18 U.S.C. section 1964 (c).

## VIII.
## COUNT THREE

### (Against All Defendants for Common Law Fraud)

272.    Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 271 above.

273.    Since at least 2002, Defendants, personally or through agents (telemarketers, law office workers, etc.) acting at their direction, have made or caused to be made false and fraudulent material misrepresentations of fact to Plaintiffs; specifically, false and misleading statements and representations concerning the reasonableness and necessity of treatment, manner of treatment, whether treatment was actually performed, and whether patients actually incurred any obligation to pay for clinic charges, in regard to the events described in this Complaint.

274.    The misrepresentations are conveyed to Plaintiffs through (1) representation letters issued under the name of licensed Texas, Ohio, Indiana, or Alabama attorney, (2) attorney demand letters issued under the name of a licensed Texas, Ohio, Indiana, or Alabama attorney, and (3)

chiropractic records, reports, and billings included in demand packages. The misrepresentations made to Plaintiffs in these documents include:

a. The patient was actually injured in an automobile accident collision and required treatment;

b. The need for extensive x-ray series, if x-rays are in fact actually conducted;

c. Supposed results of x-rays when the x-ray films are not of diagnostic quality, or x-rays were not in fact conducted;

d. Initial examinations are "free;"

e. The need for office visits that are in fact not necessary;

f. Billings for treatments that are not documented as having occurred.

g. Billings for treatments that did not occur;

h. Misrepresentations in billings by improper use of CPT codes;

i. Representations of reasonableness and necessity of service, etc. in narrative reports;

j. Representations that the patient has actually incurred healthcare charges, when in fact the patients were told they would never be liable for payment as an incentive to obtain the patient's consent to treat;

k. Concealing that some patients were tricked into coming to the clinic by the misrepresentation that the telemarketer was a representative of a Plaintiff and that a Plaintiff wanted them to come to the clinic for examination; and

l. Concealing that certain law offices to which claimants were referred are associated in the scheme.

275. At the time the statements and representations were made, Defendants were aware of the falsity of the misrepresentations.

276. Defendants made the misrepresentations with the intent to deceive Plaintiffs, and with the intent that Plaintiffs would act on the misrepresentations by paying Defendants sums of money in settlement of claims.

277.    Plaintiffs relied on the misrepresentations, and thereby suffered injury by paying sums of money in settlement of the claims.  This injury is set forth more fully in paragraphs 302 through 305.

## IX.
## COUNT FOUR

(Against All Defendants for Common Law Conspiracy)

278.    Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 277 above.

279.    Beginning about 2002 and continuing through the present time, Defendants willfully combined, conspired, and agreed with each other and others to defraud Plaintiffs.  Defendants, in combination with themselves and others, knowingly made false and misleading statements in regard to the existence, nature, and severity of the supposed soft tissue injuries allegedly attributable to automobile collisions, and the rendition and reasonableness and necessity of examinations, treatments, and x-ray procedures purportedly provided to automobile accident claimants who went to Chiropractic Strategies clinics, and in regard to whether claimant/patients have actually incurred charges for treatment and are personally liable for payment.

280.    The object of the conspiracy was to defraud Plaintiffs.  There was a meeting of the minds and agreement on this course of action by each Defendant, and each Defendant played a specific role in the overall scheme to defraud Plaintiffs and other insurers.  The Defendants, separately or in concert with other Defendants and/or other parties, committed overt, unlawful acts in furtherance of this course of action.

288.    In addition, Defendants have unjustly obtained a benefit from Plaintiffs by fraud, namely the payment for healthcare expenses that were not actually incurred by claimant/patients, and designed to enrich Defendants at Plaintiffs' detriment.

289.    As a direct and proximate result of Defendants' conduct, Plaintiffs have paid sums, and Defendants have been benefited from those payments, in connection with the treatment, billing, and referral practices arising from automobile collisions in which the claimant went to a Chiropractic Strategies Group clinic.  This injury is set forth more fully in paragraphs 302 through 305.

## XI.
## COUNT SIX

(Against Defendants Plambeck, Capobianco, Ekin, Paul Grindstaff, Kim Grindstaff, Randy Toca, Ric Toca, Junio, Friedman, Giessner, Mora, Escandon, Mercier, Sipes, Ingle, Chiropractic Strategies Group, Media Placement Services, Professional Management Group, Law Office Network, Dove Point Chiropractic Clinic, Inc., Brownsville Chiropractic Clinic, Inc., El Paso Chiropractic Clinic, WTC Chiropractic Clinic, Harlingen Chiropractic Clinic, Wolfin Chiropractic Clinic, 11th Street Chiropractic Clinic, Mainland Chiropractic Clinic, Bergstrom Chiropractic Clinic, Laredo Chiropractic Clinic, SA Chiropractic Clinic, N. Carrier Chiropractic Clinic, Buckner 30 Chiropractic Clinic, Hampton Chiropractic Clinic, Haltom City Chiropractic Clinic, and Brownsville Chiropractic & Wellness Center, for Declaratory Relief)

290.    Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 289 above.

291.    As a part of the inducement to gain patients' agreement to initiate treatment, Defendants advise the patients they will not be personally liable for billings arising from the treatment.

292.    Pursuant to Texas law, recovery of health care expenses is limited to the amount for which the claimant is legally obligated to pay.  Defendants' practice is to release patients of any obligation to pay, as an enticement for them to commence treating at their clinic.

293. Plaintiffs request a declaration from this Court that Plaintiffs, and their insureds, are not obligated to pay any sums for treatment at Texas Chiropractic Strategies clinics for the period January 1, 2002 to the present. This injury is set forth more fully in paragraphs 302 through 305.

## XII.
## COUNT SEVEN

(Against Defendants Plambeck, Capobianco, Ekin, Grindstaff, Randy Toca, Friedman, Giessner, Magelaner, Chiropractic Strategies Group, Media Placement Services, Professional Management Group, Law Office Network, Congressional Chiropractic Health Center, Akron Square Chiropractic, East Broad Chiropractic, Dayton Chiropractic, Old Town Chiropractic, Shaker Square Chiropractic, Shoreway Chiropractic, Vernon Place Chiropractic Health Center, West Broad Chiropractic, West Tusc Chiropractic, Inc., West Tusc Chiropractic, LLC, Youngstown Chiropractic, Arlington Chiropractic, American Chiropractic, and Pearl Road Chiropractic, Inc. for Violations of Ohio Revised Code §2923.32 – Engaging in a Pattern of Corrupt Activity)

294. Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 293 above.

295. The above-identified Defendants are collectively associated with an Enterprise, as set forth above, and have conducted the affairs of the Enterprise through a pattern of corrupt activity resulting in the acquisition of proceeds through the creation and submission of false insurance claims.

296. As a direct and proximate result of the Defendants' intentional, willful, and wanton actions in the State of Ohio, Plaintiffs have suffered pecuniary injury and damages and are entitled to relief under § 2923.32 and § 2923.34 of the Ohio Revised Code, including all actual, compensatory and other damages, including treble damages and punitive damages.



## XIII.
## COUNT EIGHT

(Against Defendants Plambeck, Capobianco, Ekin, Grindstaff, Randy Toca, Friedman, Giessner, LoCicero, Labourdette, Magelaner, Chiropractic Strategies Group, Media Placement Services, Professional Management Group, Law Office Network, Indianapolis Chiropractic, Main Street Chiropractic, Monon Trail Chiropractic, and Kennedy Avenue Chiropractic for Violations of Indiana Code §35-45-6-2 and 34-24-2-6 – Racketeer Influence and Corrupt Organizations Act)

297.     Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 296 above.

298.     The above-identified Defendants knowingly and intentionally received proceeds directly, or indirectly derived, through a pattern of racketeering activity in Indiana, as set forth above, and have intentionally invested some or all of the proceeds derived from the pattern of racketeering activity to acquire an interest in property or to establish or operate an Enterprise.

299.     The Defendants have intentionally and knowingly acquired an interest in or control of an Enterprise through a pattern of racketeering activity in the State of Indiana.

300.     The Defendants, individually and/or collectively are associated with an Enterprise, as set forth above, and have knowingly and intentionally participated in the activities of that Enterprise through a pattern of racketeering activity in the state of Indiana.

301.     As a direct and proximate result of the Defendants' intentional, willful, and wanton actions, the Plaintiffs have suffered pecuniary injury and damages and are entitled to relief under Indiana Code § 34-24-2-6, including all actual, compensatory, and other damages, including treble damages and punitive damages.

**PLAINTIFFS' ORIGINAL COMPLAINT   Page 63**

## XIV.
## DAMAGES

302.   Plaintiffs incorporate, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 301 above.

303.   Plaintiffs have been damaged by Defendants' practices outlined in this Complaint.  These include, but are not limited to, the use of enticement and deception in obtaining patients, misrepresentations to the patients in regard to the necessity for treatment, and nondisclosure that the law offices to which the patients are referred are associated with the Enterprise.  Bodily injury claims, which otherwise would not have existed, were thereby manufactured by Defendants.  In addition, claims that otherwise would have been *de minimis* and complete, without further necessity of examination or treatment, were unnecessarily and grossly inflated by the conduct outlined herein.

304.   As a result of these fraudulent claims, Plaintiffs were damaged in that they paid sums in regard to these bodily injury claims.

305.   Plaintiffs were also, and in the alternative, damaged by Defendants' concealed practice to release claimant/patients of any obligation to pay clinic bills.  Plaintiffs have been damaged in that they paid amounts for chiropractic treatment in claims, in which the Defendants falsely represented that the patients retained personal liability for the bills.

## XV.
## JURY DEMAND

306.   Trial by jury is requested on all issues triable by jury.

# PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs **Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company,** and **Allstate County Mutual Insurance Company** respectfully request that upon final trial of this cause, the Court enter a judgment against Defendants, each of them jointly and severally:

(1)     Upon the First Claim for Relief, all damages resulting from Defendants' violation of Title 18, United States Code, Section 1962(c), including prejudgment interest, the sum trebled pursuant to Title 18, United States Code, Section 1964(c);

(2)     Upon the Second Claim for Relief, all damages resulting from Defendants' violation of Title 18, United States Code, Section 1962(d) by conspiracy to violate Title 18, United States Code, Section 1962(c), including prejudgment interest, the sum trebled pursuant to Title 18, United States Code, Section 1964 (c);

(3)     Upon the Third Claim for Relief, all damages resulting from Defendants' fraudulent conduct;

(4)     Upon the Fourth Claim for Relief, all damages resulting from Defendants' conspiracy;

(5)     Upon the Fifth Claim for Relief, all sums to which Defendants were unjustly enriched to Plaintiffs' detriment;

(6)     Upon the Sixth Claim for Relief, a declaration that:

      a.     The Defendants, as a part of their regular business practice, release patients from any personal obligation to pay for clinic treatment and services, as a part of the process to persuade these persons to become patients;

      b.     Plaintiffs are not obligated to pay any amount charged by Defendants in regard to billings concerning Texas clinics since September 1, 2003, as the patients in these cases never actually incurred any personal charge for the services, and that Plaintiffs are entitled to reimbursement for any such payments previously made by them;

(7)     Upon the Seventh Claim for Relief, all damages resulting from the applicable Defendants' violation of Ohio Revised Code §2923.32, including trebled damages pursuant to §§2923.32 and 2923.34;

**PLAINTIFFS' ORIGINAL COMPLAINT   Page 65**

Respectfully submitted:

_____

**DAVID KASSABIAN**
**TEXAS STATE BAR NO. 11105600**
**BRET WEATHERFORD**
**TEXAS STATE BAR NO. 20998800**

**KASSABIAN, DOYLE**
**    & WEATHERFORD, P.C.**

2261 Brookhollow Plaza Drive
Suite 300
Arlington, Texas 76006
817/460-5099 (Local)
817/461-8855 (Metro)
817/274-9863 (Facsimile)

_____

**MATTHEW J. SMITH**
**OHIO STATE BAR NO. 0006788**
**J. PATRICK SCHOMAKER**
**OHIO STATE BAR NO. 0076488**
**INDIANA STATE BAR NO. 25086-15**

**SMITH, ROLFES &**
**    SKAVDAHL CO., L.P.A.**

600 Vine Street
Suite 2600
Cincinnati, Ohio 45202
513/579-0080
513/579-0222 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Allstate Insurance Company, Allstate Indemnity Company, et al
See Attachment

## DEFENDANTS

Michael Kent Plambeck, D.C., Chiropractic Strategies Group, et al  See Attachment

(b) County of Residence of First Listed Plaintiff  **Cook County, Illinois**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
MAR - 6 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)
**3-08CV0388-M**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                          | PTF | DEF |                                                    | PTF | DEF |
|--------------------------|-----|-----|----------------------------------------------------|-----|-----|
| Citizen of This State    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☒ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 USC 1962 (c)(d)
Brief description of cause:
Rico, Fraud Conspiracy, Unjust Enrichment, Declaratory Relief

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
N/A

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions)
JUDGE None Known
DOCKET NUMBER

DATE
03/06/2008

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Civil Cover Sheet Attachment
Allstate Insurance Company, et al v. Michael Kent Plambeck, D.C.
Page 1

# CIVIL COVER SHEET ATTACHMENT

I.       **(a) Additional Plaintiffs**

Allstate Property & Casualty Insurance Company
Allstate County Mutual Insurance Company

**(b) Defendants**

Michael Kent Plambeck, D.C.,
Michael Capobianco, D.C.
Robert Ekin, D.C.
Paul Grindstaff, D.C.
Glen Wilcoxson, M.D.
Randall Toca, aka Randy Toca
Roland Garic Toca II, aka Ric Toca
Angel Junio
Douglas Friedman
Jennifer Giessner
Kim Grindstaff
Charles Mora
Irma Escandon
Eugene Mercier
Rodney Sipes
Margaret Arlene Henderson Ingle, aka Megan Ingle
Thomas Magelaner
Andrew Locicero
Scot Labourdette
Chiropractic Strategies Group, Inc.
Media Placement Services, Inc.
Professional Management Group, LLC
Law Office Network, L.L.C
Dove Point Chiropractic Clinic, Inc.
Brownsville Chiropractic Clinic, Inc
El Paso Chiropractic Clinic, LLC
WTC Chiropractic Clinic, LLC
Harlingen Chiropractic Clinic, Inc.
Wolfin Chiropractic Clinic, LLC
11th Street Chiropractic Clinic, LLC
Mainland Chiropractic Clinic, LLC
Bergstrom Chiropractic Clinic, Inc.
Laredo Chiropractic Clinic, LLC
SA Chiropractic Clinic, LLC
N. Carrier Chiropractic Clinic, Inc.
Buckner 30 Chiropractic Clinic, Inc.
Hampton Chiropractic Clinic, Inc.

Civil Cover Sheet Attachment
Allstate Insurance Company, et al v. Michael Kent Plambeck, D.C.
Page 2

## Defendants Continue

Haltom City Chiropractic Clinic, Inc.
Brownsville Chiropractic & Wellness Center, Inc.
Congressional Chiropractic Health Center, Inc.
Akron Square Chiropractic, Inc.
East Broad Chiropractic, Inc.
Dayton Chiropractic, Inc.
Old Town Chiropractic, Inc.
Shaker Square Chiropractic, Inc.
Shoreway Chiropractic, LLC
Vernon Place Chiropractic Health Center, Inc.
West Broad Chiropractic, Inc.
West Tusc Chiropractic, Inc.
West Tusc Chiropractic, LLC
Youngstown Chiropractic, Inc.
Arlington Chiropractic, Inc.
American Chiropractic, Inc.
Pearl Road Chiropractic, Inc.
Indianapolis Chiropractic, LLC
Main Street Chiropractic, Inc.
Monon Trail Chiropractic, Inc.
Kennedy Avenue Chiropractic, LLC
Mobile Spine & Rehab Center on the Loop, Inc.
Five Points Chiropractic, Inc.,
Rainbow Marketing Consultants, Inc.
Sipes & Associates, PLLC (fna Sipes & Boudreaux, PLLC),
Law Offices of Eugene X. Mercier, PLLC,
The Ingle Law Firm, LLC,
Magelaner & Associates, Ltd,
Locicero, Labourdette & Associates, LLC

(c)   **Plaintiffs' Attorneys:**

David Kassabian
Texas State Bar #11105600
Bret Weatherford
Texas State Bar #20998800
Kassabian, Doyle & Weatherford, P.C.
2261 Brookhollow Plaza Drive, Suite 300
Arlington, TX 76006
(817) 461-8855 (Metro)
(817) 460-5099 (Local)
(817) 274-9863 (Facsimile

Civil Cover Sheet Attachment
Allstate Insurance Company, et al v. Michael Kent Plambeck, D.C.
Page 3

**Plaintiffs' Attorneys Continued:**

Matthew J. Smith
Ohio State Bar #0006788
J. Patrick Schomaker
Ohio State Bar #0076488
Smith, Rolfes & Skavdahl, CO., L.P.A.
600 Vine Street
Suite 2600
Cinncinnati, Ohio  45202
(513) 579-0080
(513) 579-0222 (Facsimile)