IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-08-CV-0388-M |
| MICHAEL KENT PLAMBECK, D.C., ET AL. | § § § | |
| Defendants. | § § § | |

## MEMORANDUM ORDER

Plaintiffs have filed a motion to compel the production of documents by non-party Chateau Marketing, Inc. ("Chateau"), a company owned by Defendant Michael Kent Plambeck that provides telemarketing services for chiropractic clinics. At issue is a Rule 45 subpoena seeking, *inter alia*: (1) records of payments to telemarketers, including ledgers and spreadsheets; (2) copies of W-2 or 1099 statements issued to telemarketers; (3) records of payments to persons who obtained police reports and police report information; (4) records of transfers of funds to Chateau by defendants; and (5) documents used to determine the amount of payments made to telemarketers. Although Chateau has produced W-2 and 1099 statements for Charles Mora and Johnny Silva, the only telemarketers who contacted any patients identified by plaintiffs in their complaint, and has offered to stipulate that the payments to Mora and Silva were received from Defendant Chiropractic Strategies Group, Inc. ("CSG"), it objects to the production of any other documents on relevancy grounds. Chateau also seeks costs and attorney's fees incurred in responding to what it deems a "frivolous" motion brought in "bad faith." The parties have briefed their respective positions in a Joint Status Report filed on December 23, 2008, and the motion is ripe for determination.

Rule 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the party seeking discovery, plaintiffs must establish this threshold burden. *See E.E.O.C. v. Renaissance III Organization*, No. 3-05-CV-1063-B, 2006 WL 832504 at *1 (N.D. Tex. Mar. 30, 2006) (Kaplan, J.), *citing Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent."). Once plaintiffs establish that the documents requested are within the scope of permissible discovery, the burden shifts to Chateau to show why discovery should not be permitted. *See Spiegelberg Manufacturing, Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007) (Kaplan, J.) (citing cases).

Judged against these standards, plaintiffs have failed to show that the documents requested from Chateau, other than documents pertaining to Charles Mora and Johnny Silva, are relevant within the meaning of Rule 26(b)(1). Chateau has represented that Mora and Silva were the only telemarketers who contacted any of the patients identified by plaintiffs in their complaint--a representation plaintiffs do not dispute. In addition, Chateau and the Chiropractic Defendants have offered to stipulate to the source of payments made to Mora and Silva. To allow plaintiffs unfettered access to Chateau's financial records in hopes of finding other evidence that may or may not be admissible at trial would amount to nothing more than a fishing expedition.

Accordingly, plaintiffs' motion to compel the production of documents by Chateau Marketing, Inc. [Doc. #201] is denied. Chateau's request for costs and attorney's fees also is denied.

SO ORDERED.

DATED: December 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE