IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-08-CV-0388-M-BD |
| MICHAEL KENT PLAMBECK, D.C., ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Angel Junio, appearing *pro se*, was ordered to attend a Rule 16 scheduling conference on August 20, 2010, and a show cause hearing on September 2, 2010. Because Junio failed to appear at either hearing as required, his pleadings should be stricken and an interlocutory default judgment entered against him.

I.

This is a civil RICO action brought by Allstate Insurance Company and related entities against 66 defendants to recover payments made for bodily injury claims as a result of allegedly fraudulent chiropractic billings for unreasonable and unnecessary examinations, x-rays, and treatments. According to plaintiffs, Angel Junio, a Louisiana resident, acted as a case manager for the Law Office of Rodney Sipes and personally negotiated the settlement of fraudulent insurance claims. In addition, plaintiffs allege that Junio and his company, Angel Law Management Group LLC, are currently working with a New Orleans law firm representing chiropractic patients in Texas,

Alabama, and other states. (*See* RICO Case Stmt. at 24-25). After the court denied in part the Chiropractic Defendants' motion for summary judgment, the attorneys and any unrepresented parties were ordered to attend a Rule 16 scheduling conference before U.S. Magistrate Judge Jeff Kaplan on August 20, 2010 at 10:00 a.m. *See* Order, 7/19/10. The order provides that "[a]ny attorney or unrepresented party who fails to attend this conference will be subject to sanctions, including without limitation an order striking out pleadings or parts thereof and rendering a judgment by default." *Id.* Junio, who is not represented by counsel, was duly notified of the scheduling conference, but failed to appear. That prompted the magistrate judge to set a show cause hearing on September 2, 2010 at 9:00 a.m. By order dated August 23, 2010, Junio was directed to appear at this hearing, "then and there to show cause why he should not be sanctioned for failing to attend the Rule 16 scheduling conference on August 20, 2010. *Such sanctions may include an order striking his answer and rendering a judgment by default.*" See Order, 8/23/10, *citing* FED. R. CIV. P. 16(f) & 37(b)(2)(C) (emphasis added). A copy of this show cause order was mailed to Junio at his address by the clerk and opposing counsel.[1] However, Junio failed to appear at the hearing and has not communicated with the court regarding his absence.

II.

Rule 16(f) of the Federal Rules of Civil Procedure provides:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]

---

[1] The address provided by Junio is 610 Baronne Street, New Orleans, Louisiana 70113. In June and July 2010, correspondence from the court sent to that address was returned with the notation, "Return to Sender. Attempted -- Not Known. Unable to Forward." (*See* Docs. #335, 336).

FED. R. CIV. P. 16(f)(1)(A). Among the sanctions authorized by this rule are an order "striking pleadings in whole or in part," and an order "rendering a default judgment against the disobedient party." *See* FED. R. CIV. P. 37(b)(2)(A)(iii) & (vi). The entry of a default judgment is an extreme sanction and should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]." *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992), *quoting Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). The court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of justice." *First Houston*, 979 F.2d at 382, *quoting McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988).

The record in this case documents a clear history of delay and contumacious conduct by Junio. This defendant was ordered to appear at a Rule 16 scheduling conference on August 20, 2010, and a show cause hearing on September 2, 2010. Both times Junio was warned that his failure to appear may result in the imposition of sanctions, "including without limitation an order striking out pleadings or parts thereof and rendering a judgment by default." *See* Orders, 7/19/10 & 8/23/10. Junio did not attend the scheduling conference or the show cause hearing, and has not communicated with the court regarding his absence. Such conduct justifies the imposition of extreme sanctions. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *Eric D. Fein, P.C. & Assoc. v. Dinli Metal Indus. Co., Ltd.*, No. 3-07-CV-0012-K, 2007 WL 1741249 at *2 (N.D. Tex. Jun. 14, 2007) (default judgment entered against defendant who failed to appear at Rule 16 scheduling conference and show cause hearing); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004), *rec. adopted*, 2004

WL 1873039 (N.D. Tex. Aug. 18, 2004) (default judgment entered against defendant who failed to appear at court-ordered status conference and show cause hearing).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Junio has evidenced a total disregard for court orders. There is no reason to believe that he will comply with future orders. Under these circumstances, no sanction short of striking his answer and rendering a default judgment against him would deter Junio from engaging in future misconduct.

## **RECOMMENDATION**

Defendant Angel Junio failed to appear at two court hearings without justification or excuse. As a result, sanctions should be imposed under Rule 16(f) of the Federal Rules of Civil Procedure. His pleadings should be stricken and an interlocutory default judgment entered against him on the issue of liability. Plaintiffs should be required to submit evidence to the court on the issue of damages and move for the entry of a final default judgment upon the trial of this cause.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 2, 2010.

/s/ Jeff Kaplan
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE