IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, ET AL. | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| VS. | §<br>§ | NO. 3-08-CV-0388-M-BD |
| MICHAEL KENT PLAMBECK, D.C., ET AL. | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendants Eugene Mercier and Roland G. Toca II, both appearing *pro se*, were ordered to attend a pretrial status conference on August 26, 2011. Because Mercier and Toca failed to attend the conference and have not communicated with the court regarding their absence, their pleadings should be stricken and interlocutory default judgments entered against them.

I.

This is a civil RICO action brought by Allstate Insurance Company and related entities against multiple defendants to recover payments made for bodily injury claims as a result of allegedly fraudulent chiropractic billings for unreasonable and unnecessary examinations, x-rays, and treatments. According to plaintiffs, Eugene Mercier, a disbarred Texas attorney, and Roland G. Toca II, a convicted felon who acted as case manager for the Law Office of Rodney Sipes, participated in various aspects of the RICO conspiracy. (*See* RICO Case Stmt. at 24, 27-28). After the court denied in part the Chiropractic Defendants' motion for summary judgment, the attorneys and any

-1-

unrepresented parties were ordered to attend a pretrial status conference before U.S. Magistrate Judge Jeff Kaplan on August 26, 2010 at 9:00 a.m. *See* Order, 6/16/11. The order provides that "[a]ny attorney or unrepresented party who fails to attend this conference will be subject to sanctions, including without limitation an order striking out pleadings or parts thereof and rendering a judgment by default." *Id., citing* FED. R. CIV. P. 16(b) & 37(b)(2)(C). Mercier and Toca, neither of whom are represented by counsel, were duly notified of the status conference,[1] but failed to appear as required. Nor has Mercier or Toca communicated with the court regarding their absence.

## II.

Rule 16(f) of the Federal Rules of Civil Procedure provides:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]

FED. R. CIV. P. 16(f)(1)(A). Among the sanctions authorized by this rule are an order "striking pleadings in whole or in part," and an order "rendering a default judgment against the disobedient party." *See* FED. R. CIV. P. 37(b)(2)(A)(iii) & (vi). The entry of a default judgment is an extreme sanction and should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]." *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992), *quoting Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). The court cannot default an offending party "unless [it] first finds that a lesser sanction would not have

---

[1] The order sent to Eugene Mercier at his last known address, P.O. Box 864, Corpus Christi, Texas 78403, was returned to the court with the notation, "Return to Sender. Refused. Unable to Forward." (*See* Doc. #428). The order sent to Roland G. Toca II at his last known address, 148 Bertel Drive, Covington, Louisiana 70433, has not been returned and presumably was received by him. (*See* Doc. #427).

served the interests of justice." *First Houston*, 979 F.2d at 382, *quoting McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988).

The record in this case documents a clear history of delay and contumacious conduct by Eugene Mercier and Roland G. Toca II.  These defendants were ordered to appear at a pretrial status conference on August 26, 2011.  Both were warned that their failure to appear may result in the imposition of sanctions, "including without limitation an order striking out pleadings or parts thereof and rendering a judgment by default."  *See* Order, 6/16/11.  Neither attended the conference or communicated with the court regarding their absence.  Such conduct justifies the imposition of extreme sanctions.  *See Allstate Ins. Co. v. Plambeck*, No. 3-08-CV-0388-M-BD, 2010 WL 4514354 at *2 (N.D. Tex. Sept. 2, 2010) (citing cases), *rec. adopted*, 2010 WL 4514347 (N.D. Tex. Nov. 9, 2010) (striking pleadings and entering interlocutory default judgment against another *pro se* defendant in this case who failed to attend Rule 16 scheduling conference).

The court has considered alternate sanctions.  However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.  Mercier has not provided the court with his current address, and there is no effective way to communicate with him.  Toca has evidenced a total disregard for court orders.  There is no reason to believe that either defendant will comply with future orders.  Under these circumstances, no sanction short of striking their answers and rendering default judgments against them would deter future misconduct.

## RECOMMENDATION

Eugene Mercier and Roland G. Toca II failed to appear at a pretrial status conference without justification or excuse.  As a result, sanctions should be imposed under Rule 16(f) of the Federal Rules of Civil Procedure.  Their pleadings should be stricken and interlocutory default judgments

entered against them on the issue of liability. Plaintiffs should be required to submit evidence to the court on the issue of damages and move for the entry of a final default judgment upon the trial of this cause.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 26, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE