IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, et al, | §<br>§<br>§ | |
| Plaintiffs | §<br>§<br>§ | |
| v. | §<br>§<br>§ | Civil Action No. 3-08-CV-388-M |
| MICHAEL KENT PLAMBECK, D.C., et al, | §<br>§<br>§ | |
| Defendants | §<br>§ | |

**PLAINTIFFS' SECOND AMENDED PROPOSED JURY
INSTRUCTIONS FOR PHASE TWO OF BIFURCATED TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Come now Plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate

Property & Casualty Insurance Company, and Allstate County Mutual Insurance Company, and

hereby offer the following amended proposed jury instructions.  Plaintiffs reserve the right to

supplement and/or amend these jury instructions should any of the proposed jury instructions not

be accepted by the Court.  Plaintiffs further reserves the right to supplement and/or amend these

proposed jury instructions based on the evidence at trial, and pending a review of, and objections

to, Defendants' proposed jury instructions.

Respectfully submitted;


/s/ David Kassabian
**DAVID KASSABIAN**
**STATE BAR #11105600**
**BRET WEATHERFORD**
**STATE BAR #20998800**

**KASSABIAN, DOYLE**
    **& WEATHERFORD, P.C.**
2261 Brookhollow Plaza Dr.
Suite 300
Arlington, Texas 76011
817/460-5099 (Local)
817/461-8855 (Metro)
817/274-9863 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of Plaintiffs' Second Amended Proposed Jury Instructions has been served on the following via electronic filing and email, the 2nd day of April, 2013:

Mr. Mark S. Werbner
Sayles | Werbner
4400 Renaissance Tower
1201 Elm Street
Dallas, TX  75270

Mr. Jeff Kearney
Kearney | Wynn
One Museum Place
3100 West 7th Street, Suite 420
Fort Worth, TX 76107

Mr. Randall Toca
128 Chateau St. Michel Drive
Kenner, LA  70065

Mr. Kenneth R. Stein
Matthews, Stein, Shiels, Pearce, Knott
    Eden & Davis, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, TX 75251

Mr. Eugene X. Mercier
P.O. Box 846
Corpus Christi, TX  78403


/s/David Kassabian
DAVID KASSABIAN

**INSTRUCTION NO. 1 (COMPENSATORY DAMAGES FOR FOUR DEFENDANTS)**

For legal reasons, you were not asked any questions about the following Defendants in the first phase of the trial: (1) Roland ("Ric") Garic Toca II, (2) Angel Junio, (3) Professional Management Group, LLC, and (4) Law Office Network, LLC. The Court has already determined that these four Defendants are liable for violations of the federal RICO statute, conspiracy to violate the RICO statute, fraud, and conspiracy to commit fraud. Additionally, the Court has determined that Professional Management Group, LLC and Law Office Network, LLC are liable for violations of the Ohio RICO statute. You will now be asked to award actual damages for these four Defendants. In answering these Questions, you should be guided by the instructions on damages for the federal and Ohio RICO statutes from the Jury Charge in the first phase of the trial.

**GRANTED** _____          **DENIED** _____


**MODIFIED AS FOLLOWS**_____

## QUESTION NO. 1 (FEDERAL AND OHIO RICO DAMAGES):

What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate Plaintiffs for actual damages to their business or property by reason of violations of the federal or Ohio RICO statutes by (1) Roland ("Ric") Garic Toca II, (2) Angel Junio, (3) Professional Management Group, LLC, and (4) Law Office Network, LLC.?

Answer in dollars and cents, if any: _____

**GRANTED** _____          **DENIED** _____

**MODIFIED AS FOLLOWS**_____

*Source*:        Committee on Pattern Jury Instructions, Fifth Circuit District Judges Association, *Fifth Circuit Pattern Jury Instructions (Civil Cases)*, 2006, Instruction 8.1, special issue no. 6.

## QUESTION NO. 2 (FRAUD AND CONSPIRACY TO COMMIT FRAUD DAMAGES):

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, that were proximately caused by the fraud and conspiracy to commit fraud of (1) Roland ("Ric") Garic Toca II, (2) Angel Junio, (3) Professional Management Group, LLC, and (4) Law Office Network, LLC.?

Consider the following elements of damages, if any, and no other:

The difference, if any, between the amounts that Allstate paid for chiropractic services on the 555 claims and the value of the chiropractic services received by the patients.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not include interest on any damages you may find.

Answer in dollars and cents for damages, if any.

_____

**GRANTED** _____          **DENIED** _____

**MODIFIED AS FOLLOWS**_____

*Source*:        Committee on Pattern Jury Charges of the State Bar of Texas, *Texas Pattern Jury Charges–Business Consumer & Employment*, Charge 115.19 (2008) (modified)

## INSTRUCTION NO. 2 (EXEMPLARY DAMAGES)

Based on your answers to the Questions regarding fraud and conspiracy to commit fraud in the first phase of the trial, you will now be asked to assess exemplary damages against those Defendants whom you found committed fraud or conspiracy to commit fraud. You will also be asked to assess exemplary damages against the four Defendants whom the Court has found liable for fraud and conspiracy to commit fraud: (1) Roland ("Ric") Garic Toca II, (2) Angel Junio, (3) Professional Management Group, LLC, and (4) Law Office Network, LLC.

**GRANTED** _____          **DENIED** _____

**MODIFIED AS FOLLOWS**_____

**QUESTION NO. 3 ( EXEMPLARY DAMAGES):**

What sum of money, if any, if paid now in cash, should be assessed against Defendants and awarded to Plaintiffs as exemplary damages, if any, based on your findings, in response to Question Nos. 5-7 in the first phase of the trial, that the harm to Allstate resulted from fraud or conspiracy to commit fraud?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are --

a.     The nature of the wrong;

b.     The character of the conduct involved;

c.     The degree of culpability of the defendant;

d.     The situation and sensibilities of the parties concerned;

e.     The extent to which such conduct offends a public sense of justice and propriety; and

f.     The net worth of the defendant.

Answer in dollars and cents, if any, for each Defendant for whom you answered "Yes" to Question Nos. 5 or 6 in the first phase of the trial, as well as for the four Defendants whom the Court has determined are liable for fraud and conspiracy to commit fraud.

a.  Michael Kent Plambeck                                    _____
b.  Michael Capobianco                                       _____
c.  Paul Grindstaff                                          _____
d.  Randall ("Randy") Toca                                   _____
e.  Douglas Friedman                                         _____
f.  Jennifer Giessner                                        _____
g.  Kim Von Readen                                           _____
h.  Charles ("Charlie") Mora                                 _____
i.  Irma Escandon                                            _____
j.  Chiropractic Strategies Group, Inc. ("CSG")              _____
k.  Media Placement Services, Inc.                           _____
l.  Dove Point Chiropractic Clinic, Inc.                     _____
m.  Brownsville Chiropractic Clinic, Inc.
    ("Mesquite Chiropractic")                                _____
n.  El Paso Chiropractic Clinic, LLC

("Eastwood Chiropractic and Central Chiropractic")_____

o.  WTC Chiropractic Clinic, LLC
    ("Weslaco Chiropractic")                            _____
p.  Harlingen Chiropractic Clinic, Inc.                _____
q.  Wolfin Chiropractic Clinic, LLC
    ("Washington Street Chiropractic")                 _____
r.  11th Street Chiropractic Clinic, LLC            _____
s.  Mainland Chiropractic Clinic, LLC                  _____
t.  Bergstrom Chiropractic Clinic, Inc.
    ("Ben White Chiropractic")                         _____
u.  Laredo Chiropractic Clinic, LLC
    ("Rio Grande Chiropractic")                        _____
v.  SA Chiropractic Clinic, LLC
    ("Leon Valley Chiropractic")                       _____
w.  N. Carrier Chiropractic Clinic, Inc.
    ("Grand Prairie Chiropractic")                     _____
x.  Buckner 30 Chiropractic Clinic, Inc.               _____
y.  Hampton Chiropractic Clinic, Inc.                  _____
z.  Haltom City Chiropractic Clinic, Inc.              _____
aa. Congressional Chiropractic Health Center, Inc.
    ("Old Town Chiropractic")                          _____
bb. Akron Square Chiropractic, Inc.
    (including "Arlington Chiropractic")               _____
cc. East Broad Chiropractic, Inc.                      _____
dd. Dayton Chiropractic, Inc.
    ("Northside Chiropractic")                         _____
ee. Shaker Square Chiropractic, Inc.                   _____
ff. Shoreway Chiropractic, LLC                         _____
gg. Vernon Place Chiropractic Health Center, Inc.      _____
hh. West Broad Chiropractic, Inc.
    (sometimes called "Westgate Family Health")        _____
ii. West Tusc Chiropractic, LLC                        _____
jj. Youngstown Chiropractic, Inc.                      _____
kk. American Chiropractic, Inc.                        _____
ll. Pearl Road Chiropractic, Inc.                      _____
mm. Mobile Spine & Rehab Center on the Loop, Inc.      _____
nn. Five Points Chiropractic, Inc                      _____
oo. Roland ("Ric") Garic Toca II                       _____
pp. Angel Junio                                        _____
qq. Professional Management Group, LLC                 _____
rr. Law Office Network, LLC                            _____

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS – PAGE 8

**GRANTED** _____          **DENIED** _____

**MODIFIED AS FOLLOWS**_____

*Source*:          Committee on Pattern Jury Charges of the State Bar of Texas, *Texas Pattern Jury Charges–Business Consumer & Employment*, Charge 115.36B (2008) (Modified).