IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, et al, | § § § | |
| **Plaintiffs** | § § | |
| v. | § § | **Civil Action No. 3-08-CV-388-M** |
| MICHAEL KENT PLAMBECK, D.C., et al, | § § § § | |
| **Defendants** | § | |

## <u>PLAINTIFFS' BRIEF CONCERNING EXEMPLARY DAMAGE EVIDENCE</u>

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Come now Plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Allstate County Mutual Insurance Company, and present this Brief concerning exemplary damages, and would respectfully show:

**I.**

1.     The Court has advised the parties that, if the jury returns a finding of fraud, the Court will expeditiously proceed with the exemplary damage determination portion of the trial. In the event there is a fraud finding, Plaintiffs desire to present certain testimony during the exemplary damage phase.

**II.**

2.     *In Exxon Shipping Co. v. Baker*, 554 U.S. 471, 513 (2008), the Court noted its longstanding position that "[p]unitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor ... and to deter him and others from similar

PLAINTIFFS' BRIEF CONCERNING EXEMPLARY DAMAGE EVIDENCE                    Page 1

extreme conduct." Likewise, in *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 39-40 (Tex. 1998), the Court held that punitive damages are not designed or intended to compensate or enrich individual victims, but to punish a party for its "outrageous, malicious, or otherwise morally culpable conduct" and to deter it and others from committing the same or similar acts in the future. More recently, in *Service Corp. Intern. v. Guerra*, 348 S.W.3d 221, 238 (Tex. 2011), the Court again noted, "The purposes of punitive damages are to deter and punish culpable conduct."

3.      In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003), the Court noted one of the "guideposts" in regard to punitive damages was "the degree of reprehensibility of the defendant's misconduct." Among the factors to be considered in that regard are:

> "the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident."

Evidence of *dissimilar* acts from those on which liability is premised should not serve as the basis for punitive damages. *Id.* at 423. However, a recidivist may be punished more severely than a first offender, as repeated misconduct is more reprehensible than an individual instance of malfeasance." *Id.* at 423. Evidence of "other acts need not be identical to have relevance in the calculation of punitive damages." *Id.*[1]

4.      Texas Civil Practice & Remedies Code, § 41.011, states that, in determining the amount of exemplary damages, the trier of fact shall consider evidence, if any, relating to:

        (1) the nature of the wrong;

        (2) the character of the conduct involved;

---

[1] In *Campbell*, the Campbells showed no conduct by State Farm "similar to that which harmed them," and therefore the conduct that harmed them was the only conduct relevant to the reprehensibility analysis. *Id.* at 424.

(3) the degree of culpability of the wrongdoer;

(4) the situation and sensibilities of the parties concerned;

(5) the extent to which such conduct offends a public sense of justice and propriety; and

(6) the net worth of the defendant.

Similarly, Alabama Code §6-11-23 states that relevant evidence in regard to punitive damages includes, but is not limited to, evidence such as the same or similar acts.

5.      'Other acts' evidence is admissible to show willful intent in support of exemplary damages. *Johnson v. J. Hiram Moore, Ltd.* 763 S.W.2d 496, 500 (Tex.App.–Austin 1988, writ denied), citing *Burleson v. Finley,* 581 S.W.2d 304, 309 (Tex.Civ.App.1979, writ ref'd n.r.e.). In *Johnson*, the Court overruled Johnson's assertion that the trial court erred in "admission of other allegedly wrongful acts similar in nature to those complained of in this cause." *Id.* In *Sturges v. Wal-Mart Stores, Inc.*, 39 S.W.3d 608, 614 (Tex. App. -- Beaumont 1998) *rev'd on other grounds,* 52 S.W.3d 711 (Tex. 2001), the Court agreed that excluded evidence of other similar incidents was relevant to the character of the conduct involved; the degree of Wal–Mart's culpability; the extent to which Wal–Mart's conduct offended a sense of public justice and propriety, and the amount needed to deter similar acts in the future.

6.      The testimony concerning Defendants' similar acts is relevant to an exemplary damage determination in this case.  For example, the testimony of Ms. Cohen and Ms. Carey concern their solicitation to clinics at issue in this case (Leon Valley and Washington Street).  Their testimony concerns a matter at issue in this case – how patients were obtained for the clinics. The testimony of Mr. Bertus and Ms. Thibodaux establishes that telemarketers were paid 'per head,' and evidence the incentive for telemarketers to get patients to the clinic.  Mr. Bertus and Dr. Elkin's testimony establish Defendant Mora was paid $500 per patient.  The testimony of

former chiropractors, and Mr. Bertus, shows repeated instances where they advised Defendants Plambeck, Friedman, and/or Capobianco of patients reporting that they were sent to the clinic by an 'insurance company.' The testimony of Drs. Brandon and Leago establishes a telemarketer (in the case of Dr. Brandon, Defendant Escandon) pressured them to convert or retain patients.

7.      The evidence referenced above is admissible in regard to the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer(s), the situation and sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice and propriety.

Respectfully submitted;

/s/ David Kassabian
DAVID KASSABIAN
STATE BAR #11105600
BRET WEATHERFORD
STATE BAR #20998800

**KASSABIAN, DOYLE
& WEATHERFORD, P.C.**
2261 Brookhollow Plaza Drive
Suite 300
Arlington, Texas 76006
817/460-5099 (Local)
817/461-8855 (Metro)
817/274-9863 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiffs' Brief has been served on the following via electronic filing and email this the 3rd day of April 2013:

Mr. Mark S. Werbner
Sayles | Werbner
4400 Renaissance Tower
1201 Elm Street
Dallas, TX  75270

Mr. Kenneth R. Stein
Matthews, Stein, Shiels, Pearce, Knott
    Eden & Davis, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, TX 75251

Mr. Randall Toca
128 Chateau St. Michel Dr
Corpus Christi, TX 78403
Dallas, TX  75270

Mr. Jeff Kearney
Kearney | Wynn
One Museum Place
3100 West 7th Street, Suite 420
Fort Worth, TX 76107

/s/David Kassabian
DAVID KASSABIAN