IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:08-CV-388-M |
| MICHAEL KENT PLAMBECK, D.C., *et al.*, | § § § § | |
| Defendants. | § § | |

## AMENDED FINAL JUDGMENT

This case was tried to a jury beginning on February 26, 2013.  Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, and Allstate County Mutual Insurance Company (collectively, "Plaintiffs") appeared through their corporate representatives and their counsel.  Defendant Randall Toca did not appear at trial, either in person or through counsel.  The following Defendants appeared: Michael Kent Plambeck, D.C., Michael Capobianco, D.C., Paul Grindstaff, D.C., Douglas Friedman, Jennifer Giessner, Kim Von Readen (formerly known as Kim Grindstaff), Charles "Charlie" Mora, Irma Escandon, Chiropractic Strategies Group, Inc., Media Placement Services, Inc., Dove Point Chiropractic Clinic, Inc., Brownsville Chiropractic Clinic, Inc., El Paso Chiropractic Clinic, LLC, WTC Chiropractic Clinic, LLC, Harlingen Chiropractic Clinic, Inc., Wolfin Chiropractic Clinic, LLC, 11th Street Chiropractic Clinic, LLC, Mainland Chiropractic Clinic, LLC, Bergstrom Chiropractic Clinic, Inc., Laredo Chiropractic Clinic, LLC, SA Chiropractic Clinic, LLC, N. Carrier Chiropractic Clinic, Inc., Buckner 30 Chiropractic Clinic, Inc., Hampton Chiropractic Clinic, Inc., Haltom City Chiropractic Clinic, Inc., Congressional

Chiropractic Health Center, Inc., Akron Square Chiropractic, Inc., East Broad Chiropractic, Inc., Dayton Chiropractic, Inc., Shaker Square Chiropractic, Inc., Shoreway Chiropractic, LLC, Vernon Place Chiropractic Health Center, Inc., West Broad Chiropractic, Inc., West Tusc Chiropractic, LLC, Youngstown Chiropractic, Inc., American Chiropractic, Inc., Pearl Road Chiropractic, Inc., Mobile Spine & Rehab Center on the Loop, Inc., and Five Points Chiropractic, Inc. (collectively, Randall Toca and the Defendants listed in the prior sentence will be referred to as "the nondefaulting Defendants").

The following four Defendants did not appear at trial, either in person or through counsel: (1) Roland ("Ric") Garic Toca II, (2) Angel Junio, (3) Professional Management Group, LLC ("PMG"), and (4) Law Office Network, LLC ("LON"). During trial, the Court entered default judgments on liability against PMG and LON. Before trial, the Court entered default judgments on liability against Ric Toca and Angel Junio. PMG, LON, Ric Toca, and Angel Junio are collectively called "the defaulting Defendants." Defendant Eugene Mercier did not appear at trial, either in person or through counsel, but the Court granted judgment as a matter of law in his favor.

The first phase of the bifurcated trial concluded on April 1, 2013. The jury returned its verdict on April 4, 2013. On the same day, the second phase of the bifurcated trial was conducted and the jury returned its verdict in the second phase.

In the first phase of the trial, the jury was asked to determine the liability of, and assess actual damages against, the nondefaulting Defendants. The jury found, in response to Questions 1 and 2, that all of the nondefaulting Defendants violated the federal RICO statute and conspired to violate the federal RICO statute. In response to Question 3, the jury found that the following Defendants violated the Ohio RICO statute: Michael Kent Plambeck, Michael Capobianco, Paul

Grindstaff, Randall Toca, Douglas Friedman, Jennifer Giessner, Chiropractic Strategies Group, Inc., Media Placement Services, Inc., Congressional Chiropractic Health Center, Inc., Akron Square Chiropractic, Inc., East Broad Chiropractic, Inc., Dayton Chiropractic, Inc., Shaker Square Chiropractic, Inc., Shoreway Chiropractic, LLC, Vernon Place Chiropractic Health Center, Inc., West Broad Chiropractic, Inc., West Tusc Chiropractic, LLC, Youngstown Chiropractic, Inc., American Chiropractic, Inc., and Pearl Road Chiropractic, Inc.  In response to Question 4, the jury awarded Plaintiffs a total of $945,593.00 in actual damages on their federal RICO claims, and $270,766.00 on their Ohio RICO claims.

In the second phase of the trial, the jury was asked to assess actual damages against the defaulting Defendants on the federal and Ohio RICO claims.  The jury found that each of those Defendants caused $250,000.00 in damages to Plaintiffs.

Based on the jury's verdicts and the nondefaulting Defendants' stipulation that a finding based on a preponderance of the evidence that Defendants violated the Ohio RICO statute would suffice to allow an award of treble damages under that statute, the Court enters judgment as follows:

It is ORDERED, ADJUDGED, and DECREED that, for the reasons set out in the Memorandum Opinion and Order dated March 31, 2014, Plaintiffs shall take nothing on their claims against Defendants Kim Von Readen and Irma Escandon.

It is ORDERED, ADJUDGED, and DECREED that Plaintiffs recover from the nondefaulting Defendants other than Defendants Von Readen and Escandon, jointly and severally, treble damages of $2,836,779.00 on their federal RICO claims.  Plaintiffs may further recover, jointly and severally, treble damages of $812,298.00 on their Ohio RICO claims from the nondefaulting Defendants found liable on these claims.  In no event, however, shall Plaintiffs

recover doubly on their federal and Ohio RICO claims from the nondefaulting Defendants. Postjudgment interest shall accrue on such amount at the rate of .10% from the date of the Court's original judgment until the date of payment, and shall be compounded annually.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiffs recover from the defaulting Defendants, jointly and severally, treble damages of $3,000,000.00. Postjudgment interest shall accrue on such amount at the rate of .10% from the date of the Court's original judgment until the date of payment, and shall be compounded annually.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiffs recover attorneys' fees in the amount of $1,027,623.65, jointly and severally, from the Defendants, except Defendants Von Readen and Escandon. Postjudgment interest shall accrue on such amount at the rate of .10% from the date of the Court's original judgment until the date of payment, and shall be compounded annually.

It is further ORDERED, ADJUDGED, and DECREED that costs are taxed to all Defendants, other than Defendants Von Readen and Escandon.

It is further ORDERED, ADJUDGED, and DECREED that Plaintiffs shall take nothing on their fraud and unjust enrichment claims.

This is a final judgment upon which the Plaintiffs may execute as provided by law.

**SO ORDERED**.

April 29, 2014.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**